No. 23-5178

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**KATHERINE DANIELA PACHECO QUIROS**, *et al.*,

**Plaintiffs-Appellants,**

**v.**

**MOLLY AMADOR, DEPUTY CONSUL GENERAL AND VISA UNIT CHIEF
U.S. EMBASSY IN COSTA RICA**, *et al.*,

**Defendants-Appellees.**

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

**JOINT APPENDIX TO BRIEFS**

_____

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

BRIAN C. WARD
*Senior Litigation Counsel*

ERIN T. RYAN
*Trial Attorney*
District Court Section
Office of Immigration Litigation
U.S. Department of Justice
P.O. Box 868
Washington, D.C. 20044
Tel: (202) 532-5802
erin.t.ryan@usdoj.gov

*Counsel for Defendants-Appellees*

_____

Michael E. Piston
38-08 Union Street, Ste 9A
Flushing, NY 11354
646-845-9895
michaelpiston4@gmail.com

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

DOCKET SHEET, 1:21-cv-2433 .................................................................................... JA-001

COMPLAINT, ECF No. 1 ........................................................................................... JA-013

FIRST AMENDED COMPLAINT, ECF No. 15 ................................................... JA-021

DEFENDANTS' MOTION TO DISMISS
AND SUMMARY JUDGMENT, ECF No. 27 ...................................................... JA-038

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
AND SUMMARY JUDGMENT, ECF No. 27-1 ................................................... JA-040

DECLARATION OF CHLOE PETERMAN, ECF No. 27-3 ........................... JA-081

EXHIBIT A, PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND SUMMARY JUDGEMENT, ECF No. 30-2 ................. JA-088

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,
JULY 6, 2023, ECF No. 34 .................................................................................... JA-090

MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION TO DISMISS,
JULY 6, 2023, ECF No. 35 .................................................................................... JA-091

**Query    Reports    Utilities    Help    Log Out**

<div align="right">APPEAL,CLOSED,SCA-DNOT,TYPE-E</div>

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:21-cv-02433-CKK

| | |
|---|---|
| PACHECO QUIROS et al v. AMADOR et al | Date Filed: 09/15/2021 |
| Assigned to: Judge Colleen Kollar-Kotelly | Date Terminated: 07/06/2023 |
| Case in other court: USCA, 23-05178 | Jury Demand: None |
| Cause: 05:0706 Judicial Review of Agency Actions | Nature of Suit: 890 Other Statutory Actions |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**ALL PLAINTIFFS**                    represented by  **Michael E. Piston**
                                                     PISTON & CARPENTER, P.C.
                                                     38-08 Union Street
                                                     Suite 9A
                                                     Flushing, NY 11354
                                                     (646) 845-9895
                                                     Fax: (206) 770-6350
                                                     Email: michaelpiston4@gmail.com
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**KATHERINE DANIELA PACHECO**         represented by  **Michael E. Piston**
**QUIROS**                                           (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**EDGAR JOSE DAVILA RIVERO**          represented by  **Michael E. Piston**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**SUHEIL CARTAYA VILLANUEVA**         represented by  **Michael E. Piston**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**EDGAR DAVIS DAVILA CARTAYA**        represented by  **Michael E. Piston**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DORIANA PAOLA DAVILA CARTAYA**      represented by  **Michael E. Piston**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

<div align="center" style="color:red">JA-001</div>

**GIOVANA TABAJARA BICHINHO**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**GULSHAN KARIMOVA**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**GUILHERME MARQUES CAMPOY**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**PATRICIA NOGUEIRA PLENTZ PALANDI**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**PIETRA PALANDI CAMPOY**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**RAFAEL LEONARDO JOYA OVALLE**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**KAREN MARGARITA SIERRA SANCHEZ**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**THOMAS JOYA SIERRA**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**BRIANNA JOYA SIERRA**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**MANUEL FRANCISCO BASSANINI RAMIREZ**       represented by    **Michael E. Piston**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**ERIKA PATRICIA SERRANO TRAVERSO**       represented by    **Michael E. Piston**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JOSE MANUEL BASSANINI**　　　　　　represented by　**Michael E. Piston**
**SERRANO**　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**JUAN XAVIER BASSARNINI**　　　　　　represented by　**Michael E. Piston**
**SERRANO**　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALVARO JOSE DAVILA RIVERO**　　　　represented by　**Michael E. Piston**
　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MARIELA CAROLINA SIERRA**　　　　　represented by　**Michael E. Piston**
**FRANCESCHI**　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NICOLE CAROLINA DAVILA SIERRA**　　represented by　**Michael E. Piston**
　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALVARO SANTIAGO JOSE DAVILA**　　　represented by　**Michael E. Piston**
**SIERRA**　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

**Plaintiff**

**EMMA VICTORIA DAVILA SIERRA**　　　represented by　**Michael E. Piston**
　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**MOLLY AMADOR**　　　　　　　　　　　represented by　**Brenda A. Gonzalez Horowitz**
*Deputy Consul General and Visa Unit Chief*　　　　　　DOJ-USAO
*U.S. Embassy in Costa Rica*　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　　　　　601 D Street NW
　　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20530
　　　　　　　　　　　　　　　　　　　　　　　　　(202) 252-2512
　　　　　　　　　　　　　　　　　　　　　　　　　Email:
　　　　　　　　　　　　　　　　　　　　　　　　　brenda.gonzalez.horowitz@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　**Derek S. Hammond**

JA-003

COMMODITY FUTURES TRADING
COMMISSION
1155 21st Street, NW
Washington, DC 20581
202-418-5000
Email: dhammond@cftc.gov
*TERMINATED: 07/03/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Duffey**
U.S. ATTORNEY'S OFFICE
555 4th Street, NW
Washington, DC 20530
(202) 252-2510
Email: thomas.duffey@usdoj.gov
*TERMINATED: 06/09/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATHRYN ABATE**                    represented by   **Brenda A. Gonzalez Horowitz**
*Consul U.S. Embassy in Georgia*                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Derek S. Hammond**
                                                      (See above for address)
                                                      *TERMINATED: 07/03/2023*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas Duffey**
                                                      (See above for address)
                                                      *TERMINATED: 06/09/2023*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**JACQUELINE WARD**                   represented by   **Brenda A. Gonzalez Horowitz**
*Consul General U.S. Consulate General in*            (See above for address)
*Rio de Janeiro*                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Derek S. Hammond**
                                                      (See above for address)
                                                      *TERMINATED: 07/03/2023*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Thomas Duffey**
                                                      (See above for address)
                                                      *TERMINATED: 06/09/2023*

JA-004

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**DEANNA ABDEEN**                    represented by    **Brenda A. Gonzalez Horowitz**
*Consul General U.S. Embassy in Colombia*                    (See above for address)
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Derek S. Hammond**
                    (See above for address)
                    *TERMINATED: 07/03/2023*
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Thomas Duffey**
                    (See above for address)
                    *TERMINATED: 06/09/2023*
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN QUIGLEY**                    represented by    **Brenda A. Gonzalez Horowitz**
*Consul General U.S. Consulate General in*                    (See above for address)
*Guayaquil, Ecuador*                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Derek S. Hammond**
                    (See above for address)
                    *TERMINATED: 07/03/2023*
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

                    **Thomas Duffey**
                    (See above for address)
                    *TERMINATED: 06/09/2023*
                    *LEAD ATTORNEY*
                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/15/2021 | 1 | COMPLAINT against All Defendants ( Filing fee $ 402 receipt number ADCDC-8735698) filed by ALL PLAINTIFFS. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons) (Piston, Michael) Modified on 9/16/2021 to edit docket text (znmg). (Entered: 09/15/2021) |
| 09/16/2021 | | Case Assigned to Judge Colleen Kollar-Kotelly. (znmg) (Entered: 09/16/2021) |
| 09/16/2021 | 2 | SUMMONS (7) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent) (znmg) (Entered: 09/16/2021) |
| 09/20/2021 | 3 | ORDER ESTABLISHING PROCEDURES FOR CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY. Signed by Judge Colleen Kollar-Kotelly on 09/20/2021. (DM) (Entered: 09/20/2021) |

JA-005

| 11/15/2021 | 4 | Rule 4(m) ORDER on service. Signed by Judge Colleen Kollar-Kotelly on 11/15/21. (lcckk3) (Entered: 11/15/2021) |
|---|---|---|
| 11/16/2021 | | Set/Reset Deadlines: Plaintiffs Must Cause Process To Be Served Upon Defendants And Proof Of Service To Be Filed With The Court due by 12/14/2021. (mac) (Entered: 11/16/2021) |
| 11/23/2021 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 09/30/2021. (Piston, Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/30/2021. Answer due for ALL FEDERAL DEFENDANTS by 11/29/2021. (Piston, Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. BRIAN QUIGLEY served on 9/30/2021 (Piston, Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. JACQUELINE WARD served on 9/30/2021 (Piston, Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. DEANNA ABDEEN served on 9/30/2021 (Piston, Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 10 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KATHRYN ABATE served on 9/30/2021 (Piston, Michael) (Entered: 11/23/2021) |
| 11/23/2021 | 11 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MOLLY AMADOR served on 9/30/2021 (Piston, Michael) (Entered: 11/23/2021) |
| 11/29/2021 | 12 | NOTICE of Appearance by Derek S. Hammond on behalf of All Defendants (Hammond, Derek) (Entered: 11/29/2021) |
| 11/29/2021 | 13 | MOTION to Dismiss , MOTION to Sever by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # 1 Text of Proposed Order)(Hammond, Derek) (Entered: 11/29/2021) |
| 11/30/2021 | | MINUTE ORDER. The Court is in receipt of Defendants' 13 Motion to Dismiss or, in the Alternative, Motion to Sever. The Court ORDERS Plaintiffs to file their opposition by no later than DECEMBER 13, 2021 and Defendants to file a reply by no later than DECEMBER 20, 2021. Signed by Judge Colleen Kollar-Kotelly on 11/30/21. (lcckk3) (Entered: 11/30/2021) |
| 11/30/2021 | | Set/Reset Deadlines: Plaintiffs' Response to 13 due by 12/13/2021. Defendants' Reply to 13 due by 12/20/2021. (dot) (Entered: 12/02/2021) |
| 11/30/2021 | | Set/Reset Deadlines: Plaintiffs' Response to 13 due by 12/13/2021. Defendants' Reply to 13 due by 12/20/2021. (dot) (Entered: 12/06/2021) |
| 12/14/2021 | | MINUTE ORDER. Pursuant to the Court's November 30, 2021 Minute Order, Plaintiffs were ordered to file their opposition to Defendants' 13 Motion to Dismiss, or in the Alternative, Motion to Sever by no later than DECEMBER 13, 2021. As of the date of this Minute Order, Plaintiffs have not filed their response. Accordingly, Plaintiffs are ORDERED to SHOW CAUSE by DECEMBER 20, 2021 as to why the Court should not grant Defendants' motion to dismiss as conceded, see LCvR 7(b), and why this case should not be dismissed for Plaintiffs' failure respond to Defendants' 13 motion. Signed by Judge Colleen Kollar-Kotelly on 12/14/21. (lcckk3) (Entered: 12/14/2021) |

| 12/14/2021 | | Set/Reset Deadlines: Plaintiffs to Show Cause due by 12/20/2021, as to why the Court should not grant Defendants' motion to dismiss as conceded. (dot) (Entered: 12/15/2021) |
|---|---|---|
| 12/18/2021 | 14 | NOTICE *OF FILING OF FIRST AMENDED COMPLAINT AS A MATTER OF COURSE* by ALL PLAINTIFFS (Piston, Michael) (Entered: 12/18/2021) |
| 12/18/2021 | 15 | AMENDED COMPLAINT against All Defendants filed by ALL PLAINTIFFS.(Piston, Michael) (Entered: 12/18/2021) |
| 12/18/2021 | 16 | RESPONSE TO ORDER TO SHOW CAUSE by ALL PLAINTIFFS re Order,, *to Show Cause* filed by ALL PLAINTIFFS. (Piston, Michael) (Entered: 12/18/2021) |
| 12/20/2021 | | MINUTE ORDER. On November 29, 2021, Defendants filed a 13 Motion to Dismiss or, in the Alternative, Motion to Sever. On November 30, 2021, the Court ordered Plaintiffs to file their opposition to Defendants' 13 Motion by no later than December 13, 2021. Plaintiffs did not file their opposition by that date. On December 14, 2021, the Court ordered Plaintiffs to show cause by no later than December 20, 2021 as to why the Court should not grant Defendants' motion to dismiss as conceded, see LCvR 7(b), and why this case should not be dismissed for Plaintiffs' failure respond to Defendants' 13 Motion. On December 18, 2021, Plaintiffs filed a 15 Amended Complaint, which adds additional causes of action. Plaintiffs filed their Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), which permits a party to amended its pleading as a matter of course within "21 days after service of a motion under Rule 12(b)[.]" Accordingly, the Court DENIES without prejudice Defendants' 13 Motion to Dismiss or, in the Alternative Motion to Sever and ORDERS Defendants to answer or otherwise respond to Plaintiffs' 15 Amended Complaint by no later than JANUARY 7, 2022. Signed by Judge Colleen Kollar-Kotelly on 12/20/21. (lcckk3) (Entered: 12/20/2021) |
| 12/20/2021 | | Set/Reset Deadlines: Answer due by 1/7/2022. (kt) (Entered: 12/20/2021) |
| 01/04/2022 | 17 | Consent MOTION for Extension of Time to File Answer re 15 Amended Complaint by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Hammond, Derek) (Entered: 01/04/2022) |
| 01/04/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' 17 Consent Motion for an Extension of Time, in which Defendants seek a one-month extension of time to respond to Plaintiffs' First Amended Complaint. Defendants request this extension due to counsel's scheduled leave and heavy caseload. Plaintiffs consent to the requested extension. Accordingly, the Court GRANTS Defendants' 17 Consent Motion and ORDERS that Defendants shall answer or otherwise respond to Plaintiffs' First Amended Complaint by no later than FEBRUARY 7, 2022. Signed by Judge Colleen Kollar-Kotelly on 1/4/22. (lcckk3) (Entered: 01/04/2022) |
| 01/04/2022 | | Set/Reset Deadlines: Defendants shall answer or otherwise respond to Plaintiffs' First Amended Complaint 15 by no later than 2/7/2022. (dot) (Entered: 01/04/2022) |
| 02/02/2022 | 18 | Consent MOTION for Extension of Time to File Answer by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # 1 Text of Proposed Order)(Hammond, Derek) (Entered: 02/02/2022) |
| 02/02/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' 18 Consent Motion for an Extension of Time, in which Defendants seek a one-week extension of time to respond to Plaintiffs' First Amended Complaint. This is Defendants' second request for an extension. Defendants request this extension due to counsel's heavy caseload. Plaintiffs consent to the requested extension. Accordingly, the Court GRANTS Defendants' 18 Consent Motion and ORDERS that Defendants shall answer or otherwise respond to Plaintiffs' First Amended |

<div style="text-align: center; color: red;">JA-007</div>

| | | |
|---|---|---|
| | | Complaint by no later than FEBRUARY 14, 2022. Signed by Judge Colleen Kollar-Kotelly on 2/2/2022. (lcckk3) (Entered: 02/02/2022) |
| 02/02/2022 | | Set/Reset Deadlines: Defendants shall answer or otherwise respond to Plaintiffs' First Amended Complaint due by 2/14/2022. (dot) (Entered: 02/03/2022) |
| 02/14/2022 | 19 | Consent MOTION for Extension of Time to File Answer by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # 1 Text of Proposed Order)(Hammond, Derek) (Entered: 02/14/2022) |
| 02/15/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' 19 Consent Motion for an Extension of Time, in which Defendants seek a 60-day extension of time to respond to Plaintiffs' First Amended Complaint. This is Defendants' third request for an extension. Defendants request this extension so that "the parties can explore means of narrowing or resolving the current dispute without the need for litigation." Plaintiffs consent to the requested extension. Accordingly, the Court GRANTS *nunc pro tunc* Defendants' 19 Consent Motion and ORDERS that Defendants shall answer or otherwise respond to Plaintiffs' First Amended Complaint by no later than APRIL 15, 2022. Signed by Judge Colleen Kollar-Kotelly on 2/15/22. (lcckk3) (Entered: 02/15/2022) |
| 02/15/2022 | | Set/Reset Deadlines: Defendants shall answer or otherwise respond to Plaintiffs' 15 First Amended Complaint by 4/15/2022. (dot) (Entered: 02/15/2022) |
| 04/15/2022 | 20 | Consent MOTION for Extension of Time to File Answer by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # 1 Text of Proposed Order)(Hammond, Derek) (Entered: 04/15/2022) |
| 04/18/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' 20 Consent Motion, in which Defendants seek a 90-day extension of time to answer or otherwise respond to Plaintiffs' 15 First Amended Complaint. Defendants request this extension so that the parties can continue their efforts to narrow or resolve the current dispute without the need for further litigation. This is the fourth request for an extension of the same deadline. Plaintiffs consent to the requested extension. The Court notes that Defendants filed their 20 motion on the day their response to the Amended Complaint was due, in contravention of the Court's Standing Order, ECF No. 3 at 3 ("Motions for extensions of time must be filed at least four (4) business days prior to the first affected deadline."). However, in light of Plaintiffs' consent to the requested extension and for good cause shown, the Court GRANTS Defendants' 20 Consent Motion *nunc pro tunc* and ORDERS Defendants to answer or otherwise respond to Plaintiffs' First Amended Complaint by no later than JULY 14, 2022. Signed by Judge Colleen Kollar-Kotelly on 4/18/22. (lcckk3) (Entered: 04/18/2022) |
| 04/18/2022 | | Set/Reset Deadlines: Defendants to answer or otherwise respond to Plaintiffs' First Amended Complaint by no later than 7/14/2022. (dot) (Entered: 04/18/2022) |
| 07/08/2022 | 21 | NOTICE of Appearance by Thomas Duffey on behalf of All Defendants (Duffey, Thomas) (Entered: 07/08/2022) |
| 07/12/2022 | 22 | Consent MOTION for Extension of Time to File Answer re 15 Amended Complaint *with proposed order* by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Duffey, Thomas) (Entered: 07/12/2022) |
| 07/12/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' 22 Consent Motion for Extension of Time, in which Defendants seek a 90-day extension of time to answer or otherwise respond to Plaintiffs' 15 First Amended Complaint. This is Defendants' fifth request for an extension of the same deadline. Defendants indicate that since their last request for an extension, "three additional plaintiffs were issued visas on June 6, 2022, and the [S]tate Department is awaiting items and information from several additional |

JA-008

| | | |
|---|---|---|
| | | Plaintiffs." Defendants request a further extension to allow additional time to adjudicate the visa petitions at issue in this action, which may obviate the need for further litigation. Plaintiffs consent to the requested extension. Accordingly, the Court GRANTS Defendants' [22](#) Consent Motion and ORDERS Defendants to answer or otherwise respond to the [15](#) First Amended Complaint by no later than OCTOBER 14, 2022. Signed by Judge Colleen Kollar-Kotelly on 7/12/22. (lcckk3) (Entered: 07/12/2022) |
| 07/12/2022 | | Set/Reset Deadlines: Defendants to answer or otherwise respond to the [15](#) First Amended Complaint by no later than 10/14/2022, (dot) (Entered: 07/13/2022) |
| 07/25/2022 | | NOTICE OF ERROR regarding 23 Application for Order Pursuant to 18 U.S.C. 2705(b). The following error(s) need correction: Incorrect case. Please refile. (znmw) (Entered: 07/25/2022) |
| 10/13/2022 | [24](#) | Consent MOTION for Extension of Time to File Answer by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # [1](#) Text of Proposed Order)(Hammond, Derek) (Entered: 10/13/2022) |
| 10/14/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' [24](#) Consent Motion for Extension of Time to File Answer to Plaintiffs' [15](#) First Amended Complaint, in which Defendants seek a 60-day extension. This is Defendants' sixth request for an extension of the same deadline. Defendants indicate that since their last request for an extension, one additional plaintiff was issued a visa but that "[a]dditional time is still required to narrow or resolve the current dispute," which may "avoid the need for litigation." Plaintiffs consent to the requested extension. <br><br> Defendants acknowledge that they are in contravention of the Court's Standing Order, ECF No. [3](#) , by filing this motion one day before the deadline. The Court reminds the parties that, pursuant to ECF No. [3](#) , all motions for extension of time must be filed at least four business days prior to the first affected deadline. However, in light of Plaintiffs' consent to the requested extension and for good cause shown, the Court GRANTS Defendants' [24](#) Consent Motion and ORDERS Defendants to answer or otherwise respond to Plaintiffs' [15](#) First Amended Complaint by no later than DECEMBER 13, 2022. Signed by Judge Colleen Kollar-Kotelly on 10/14/22. (lcckk3) (Entered: 10/14/2022) |
| 10/14/2022 | | Set/Reset Deadlines: Defendants to answer or otherwise respond to Plaintiffs' [15](#) First Amended Complaint by no later than 12/13/2022. (dot) (Entered: 10/14/2022) |
| 12/07/2022 | [25](#) | Consent MOTION for Extension of Time to File Answer by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # [1](#) Text of Proposed Order)(Hammond, Derek) (Entered: 12/07/2022) |
| 12/08/2022 | | MINUTE ORDER. The Court is in receipt of Defendants' [25](#) Consent Motion for Extension of Time to File Answer to Plaintiffs' [15](#) First Amended Complaint, in which Defendants seek a 45-day extension. This is Defendants' seventh request for an extension of the same deadline. Defendants indicate that the extension will allow the parties to "continue exploring means of narrowing or resolving the current dispute without the need for litigation. In some instances, this may require Plaintiffs providing documents or information to Defendants in order to adjudicate an application or petition and/or the scheduling of interviews at consulates and embassies abroad." Plaintiffs consent to the requested extension. In light of Plaintiffs' consent to the requested extension and for good cause shown, the Court GRANTS Defendants' [25](#) Consent Motion and ORDERS Defendants to answer or otherwise respond to Plaintiffs' [15](#) First Amended Complaint by no later than JANUARY 27, 2023. Signed by Judge Colleen Kollar-Kotelly on 12/8/22. (lcckk3) (Entered: 12/08/2022) |

| | | |
|---|---|---|
| 12/08/2022 | | Set/Reset Deadlines: Defendants to answer or otherwise respond to Plaintiffs' 15 First Amended Complaint by no later than 1/27/2023. (dot) (Entered: 12/12/2022) |
| 01/26/2023 | 26 | Consent MOTION for Extension of Time to File Answer by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # 1 Text of Proposed Order)(Hammond, Derek) (Entered: 01/26/2023) |
| 01/26/2023 | | MINUTE ORDER. The Court is in receipt of the 26 Consent Motion for Extension of Time to File Answer to Plaintiffs' 15 First Amended Complaint. This is Defendants' eighth request for an extension of the same deadline. Defendants indicate that during the review process mandated by the Department of Justice, they discovered a legal issue that required further internal consultation prior to filing, and additional time is now needed to complete those discussions and finalize a responsive filing.<br><br>Defendants acknowledge that they are in contravention of the Court's 3 Standing Order by filing this motion one day before the deadline. The Court reminds the parties that, pursuant to the 3 Standing Order, all motions for extension of time must be filed at least four business days prior to the first affected deadline. Defendants have violated this rule numerous times. However, in light of Plaintiffs' consent to the requested extension and for good cause shown, the Court GRANTS Defendants' 26 Consent Motion and ORDERS Defendants to answer or otherwise respond to Plaintiffs' 25 First Amended Complaint by no later than FEBRUARY 10, 2023. The Court is not inclined to grant additional extensions absent emergency circumstances. Signed by Judge Colleen Kollar-Kotelly on 1/26/23. (lcckk3) (Entered: 01/26/2023) |
| 01/26/2023 | | Set/Reset Deadlines: Defendants to answer or otherwise respond to Plaintiffs' 25 First Amended Complaint by no later than 2/10/2023. (dot) (Entered: 01/27/2023) |
| 02/10/2023 | 27 | MOTION to Dismiss , MOTION for Summary Judgment , MOTION to Sever by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of Chloe Peterman, # 4 Text of Proposed Order)(Hammond, Derek) (Entered: 02/10/2023) |
| 02/13/2023 | | MINUTE ORDER. The Court is in receipt of Defendants' 27 Motion to Dismiss. The Court ORDERS Plaintiffs to file a response by MARCH 3, 2022 and Defendants to file a reply by MARCH 17, 2023. Signed by Judge Colleen Kollar-Kotelly on 2/13/23. (lcckk3) (Entered: 02/13/2023) |
| 02/13/2023 | | Set/Reset Deadlines: Plaintiffs to file a response to 27 by 3/3/2022. Defendants to file a reply to 27 by 3/17/2023. (dot) (Entered: 02/13/2023) |
| 02/27/2023 | 28 | Consent MOTION for Extension of Time to File Response/Reply by ALL PLAINTIFFS. (Attachments: # 1 Text of Proposed Order)(Piston, Michael) (Entered: 02/27/2023) |
| 02/27/2023 | | MINUTE ORDER. The Court is in receipt of Plaintiffs' 28 Consent Motion for Extension of Time to Respond to Defendant's 27 Motion to Dismiss. This is Plaintiffs' first request for an extension and Defendants consent. The Court GRANTS the 28 Motion and ORDERS that Plaintiffs shall respond to Defendants' Motion by no later than MARCH 10, 2023; Defendants shall file a reply by no later than MARCH 17, 2023. Signed by Judge Colleen Kollar-Kotelly on 2/27/23. (lcckk3) (Entered: 02/27/2023) |
| 02/27/2023 | | Set/Reset Deadlines: Plaintiffs shall respond to Defendants' Motion 27 by no later than 3/10/2023. Defendants shall file a reply by no later than 3/17/2023. (dot) (Entered: 02/27/2023) |
| 03/08/2023 | 29 | Consent MOTION for Extension of Time to File Response/Reply by ALL PLAINTIFFS. |

<span style="color:red">JA-010</span>

| | | |
|---|---|---|
| | | (Attachments: # 1 Text of Proposed Order)(Piston, Michael) (Entered: 03/08/2023) |
| 03/09/2023 | | MINUTE ORDER. The Court is in receipt of the 29 Consent Motion for Extension of Time to Respond to Defendant's 27 Motion to Dismiss. Plaintiffs explain that counsel's communication with the various Plaintiffs' families has been difficult because "with the exception of one family, all of the plaintiffs are outside the United States, including in nations as distant and inconveniently accessed as war-torn Azerbaijan." This is Plaintiffs' second request for an extension and Defendants consent. The Court GRANTS the 29 Motion and ORDERS that Plaintiffs shall respond to Defendants' Motion by no later than MARCH 17, 2023; Defendants shall file a reply by no later than MARCH 31, 2023. Signed by Judge Colleen Kollar-Kotelly on 3/9/23. (lcckk3) (Entered: 03/09/2023) |
| 03/09/2023 | | Set/Reset Deadlines: Plaintiffs shall respond to Defendants' 27 Motion by 3/17/2023. Defendants shall file a reply by no later than 3/31/2023. (dot) (Entered: 03/10/2023) |
| 03/17/2023 | 30 | RESPONSE re 27 MOTION to Dismiss MOTION for Summary Judgment MOTION to Sever filed by ALL PLAINTIFFS. (Attachments: # 1 Statement of Facts Genuine Issues of Material Fact, # 2 Exhibit A, # 3 Exhibit Declaration of Christian Valdes, # 4 Text of Proposed Order)(Piston, Michael) (Entered: 03/17/2023) |
| 03/31/2023 | 31 | REPLY to opposition to motion re 27 MOTION to Dismiss MOTION for Summary Judgment MOTION to Sever filed by KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. (Hammond, Derek) (Entered: 03/31/2023) |
| 06/09/2023 | 32 | NOTICE OF WITHDRAWAL OF APPEARANCE as to KATHRYN ABATE, DEANNA ABDEEN, MOLLY AMADOR, BRIAN QUIGLEY, JACQUELINE WARD. Attorney Thomas Duffey terminated. (Duffey, Thomas) (Entered: 06/09/2023) |
| 07/03/2023 | 33 | NOTICE OF SUBSTITUTION OF COUNSEL by Brenda A. Gonzalez Horowitz on behalf of All Defendants Substituting for attorney Derek S. Hammond (Gonzalez Horowitz, Brenda) (Entered: 07/03/2023) |
| 07/06/2023 | 34 | ORDER granting Defendants' 27 Motion to Dismiss and dismissing Plaintiffs' 15 Amended Complaint. Signed by Judge Colleen Kollar-Kotelly on 7/6/23. (lcckk3) (Entered: 07/06/2023) |
| 07/06/2023 | 35 | MEMORANDUM OPINION accompanying 34 Order. Signed by Judge Colleen Kollar-Kotelly on 7/6/23. (lcckk3) (Entered: 07/06/2023) |
| 08/10/2023 | 36 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 34 Order on Motion to Dismiss, Order on Motion for Summary Judgment, Order on Motion to Sever, 35 Memorandum & Opinion by GULSHAN KARIMOVA. Filing fee $ 505, receipt number BDCDC-10265914. Fee Status: Fee Paid. Parties have been notified. (Piston, Michael) (Main Document 36 replaced on 8/10/2023) (zjm). (Entered: 08/10/2023) |
| 08/10/2023 | 37 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid re 36 Notice of Appeal to DC Circuit Court,. (zjm) (Entered: 08/10/2023) |
| 08/11/2023 | | USCA Case Number 23-5178 for 36 Notice of Appeal to DC Circuit Court, filed by GULSHAN KARIMOVA. (znmw) (Entered: 08/15/2023) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 02/21/2024 14:54:15 |

JA-011

| PACER Login: | erintryan22 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 1:21-cv-02433-CKK |
| Billable Pages: | 12 | Cost: | 1.20 |

JA-012

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHERINE DANIELA PACHECO QUIROS<br>Gran Casa Universitaria, calle Masis,<br>San Pedro, Montes de Oca, Costa Rica<br><br> EDGAR JOSE DAVILA RIVERO<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>SUHEIL CARTAYA VILLANUEVA<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>EDGAR DAVIS DÁVILA CARTAYA<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>DORIANA PAOLA DÁVILA CARTAYA<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>GIOVANA TABAJARA BICHINHO<br>Rua 24 de Outubro 997, Apt 1101,<br>Moinhos de Vento 90510-002 RS- BRASIL<br><br>GULSHAN KARIMOVA<br>Zarifa Aliyeva apt.4,<br>Baku, Yasamal, Azerbaijan 0123<br><br>GUILHERME MARQUES CAMPOY<br>90 Romeu Meirelles Santos Street<br> Guaratingueta, Sao Paulo, Brazil 12517530<br><br>PATRICIA NOGUEIRA PLENTZ PALANDI<br>90 Romeu Meirelles Santos Street<br> Guaratingueta, Sao Paulo, Brazil 12517530 | CASE NO.<br><br>COMPLAINT | |

PIETRA PALANDI CAMPOY
90 Romeu Meirelles Santos Street
 Guaratingueta, Sao Paulo, Brazil 12517530

 RAFAEL LEONARDO JOYA OVALLE
 Carrera 7b # 12-06 int 8
Puerto madero. Mosquera Colombia

KAREN MARGARITA SIERRA
SANCHEZ
Carrera 7b # 12-06 int 8
Puerto madero, Mosquera, Colombia

THOMAS JOYA SIERRA
Carrera 7b # 12-06 int 8
Puerto madero, Mosquera, Colombia

BRIANNA JOYA SIERRA
Carrera 7b # 12-06 int 8
Puerto madero, Mosquera, Colombia

MANUEL FRANCISCO BASSANINI
RAMIREZ
Km 8.5 via a Samborondon, Urbanización
Vista al Parque Mz. 1 SL 60B, Samborondon-
Guayas, Ecuador 092301

ERIKA PATRICIA SERRANO TRAVERSO
Km 8.5 via a Samborondon, Urbanización
Vista al Parque Mz. 1 SL 60B, Samborondon-
Guayas, Ecuador 092301

JOSE MANUEL BASSANINI SERRANO
Km 8.5 via a Samborondon, Urbanización
Vista al Parque Mz. 1 SL 60B, Samborondon-
Guayas, Ecuador 092301

JUAN XAVIER BASSARNINI SERRANO
Km 8.5 via a Samborondon, Urbanización
Vista al Parque Mz. 1 SL 60B, Samborondon-
Guayas, Ecuador 092301

ÁLVARO JOSÉ DÁVILA RIVERO

Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

MARIELA CAROLINA SIERRA
FRANCESCHI
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

NICOLE CAROLINA DÁVILA SIERRA
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

ÁLVARO SANTIAGO JOSÉ DÁVILA
SIERRA
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

EMMA VICTORIA DÁVILA SIERRA
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela


Plaintiffs

  -   Against   -

MOLLY AMADOR
 Deputy Consul General and Visa Unit Chief
U.S. Embassy in  Costa Rica
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

KATHRYN ABATE
Consul
 U.S. Embassy in Georgia
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

JACQUELINE WARD

| | | |
|---|---|---|
| Consul General<br>U.S. Consulate General in Rio de Janeiro<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600,<br>600 191 Street NW., Washington DC 20522<br><br>DEANNA ABDEEN<br>Consul General<br>U.S. Embassy in Colombia<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600,<br>600 191 Street NW., Washington DC 20522<br><br>BRIAN QUIGLEY<br>Consul General<br>U.S. Consulate General in Guayaquil,<br>Ecuador<br>c/o The Executive Office,<br>Office of the Legal Adviser, Suite 5.600,<br>600 191 Street NW., Washington DC 20522<br><br>Defendants | | |

## DESCRIPTION OF ACTION

1. This is an action brought by plaintiff immigrant visa applicants against the defendant U.S. consular officers to compel a decision on their applications for immigrant visas which have each been pending with one of the defendants for more than twenty months, and in many cases much longer.

## JURISDICTION

2. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws

of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## DESCRIPTION OF PARTIES

3. The plaintiffs are all immigrant visa applicants whose applications for immigrant visas have been pending with one of the defendant consular officers for over 20 months. They are all noncitizens residing outside the U.S.

4. The defendants are each consular officers at various U.S. embassies or consulate generals where applications for immigrant visas filed by one or more of the plaintiffs are currently pending. They are all U.S. citizens and reside outside the United States.

## BRIEF STATEMENT OF RELEVANT FACTS

5. KATHERINE DANIELA PACHECO QUIROS's application for an immigrant visa, NVC Case Number SNJ2019564002, has been pending with MOLLY AMARDOR, or her predecessor, at the U.S. Embassy in  Costa Rica since on or before March 6, 2019.

6. EDGAR JOSE DAVILA RIVERO, CARTAYA VILLANUEVA, EDGAR DAVIS DÁVILA CARTAYA and DORIANA PAOLA DÁVILA CARTAYA's applications for an immigrant visa, NVC Case Number CRS2019600002,  have been pending with DEANNA ABDEEN, or her predecessor, at the U.S. Embassy in  Colombia since on or before April 12, 2019.

7. GIOVANA TABARJAR BICHINIHO's application for an immigrant visa, NVC Case Number RDJ2019601006,  has been pending with JACQUELINE WARD, or her

predecessor, at the U.S. Consulate General in Rio De Janiero since on or before April 12, 2019.

8. GULSHANA KARIMOVA's application for an immigrant visa, NVC Case Number TBL2019774003,  has been pending with KATHRYN ABATE, or her predecessor, at the U.S. Embassy in  Georgia since on or before October 2, 2019.

9. GUILHERME MARQUES CAMPOY, PATRICIA NOGUEIRA PLENTZ, and PIETRA PALANDI CAMPOY's applications for an immigrant visa, NVC Case Number RDJ2019801001,  have been pending with JACQUELINE WARD, or her predecessor, at the U.S. Consulate General in Rio De Janiero since on or before October 29, 2019.

10. JOYA OVALLE RAFAEL LEONARDO, KAREN MARGARITA SIERRA SANCHEZ, THOMAS JOYA SIERRA and BRIANNA JOYA SIERRA's applications for an immigrant visa, NVC Case Number BGT2019678018,  have been pending with DEANNA ABDEEN, or her predecessor, at the U.S. Embassy in  Colombia since on or before October 9, 2019.

11. MANUEL FRANCISCO BASSANINI, ERIKA PATRICIA SERRANO TRAVERSO and JOSE MANUEL BASSANINI SERRANO's applications for an immigrant visa, NVC Case Number GY02019587004,  have been pending with BRIAN QUIGLEY, or his predecessor, at the U.S. Consulate General in  Guayaquil, Ecuador since on or before March 29, 2019.

12. ÁLVARO JOSÉ DÁVILA RIVERO, MARIELA CAROLINA SIERRA FRANCESCHI, NICOLE CAROLINA DÁVILA SIERRA, ÁLVARO SANTIAGO JOSÉ DÁVILA SIERRA and EMMA VICTORIA DÁVILA SIERRA CARTAYA's applications for an immigrant visa, NVC Case Number CRS2019602001,  have been pending with

DEANNA ABDEEN, or her predecessor, at the U.S. Embassy in  Colombia since on or before April 15, 2019.

## COUNT I

**THE DEFENDANTS HAVE BREACHED THEIR DUTY TO THE PLAINTIFFS TO MAKE A FINAL DECISION ON THEIR IMMIGRANT VISA APPLICATIONS WITHIN A REASONABLE TIME.**

13. The defendants are each consular officers of the United States Department of State, an agency of the United States government.

14.  The defendants each owe a duty to the plaintiffs to make a decision regarding those of the plaintiff's immigrant visa applications which are pending before them within a reasonable period of time after they were filed with them or their predecessor. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

15. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, …". 8 U.S.C. § 1571(b).

16. The time in which each of the plaintiffs' applications have been pending with one  of the defendants and/or their predecessor(s) is well beyond the time which is reasonably required to adjudicate them, as evidenced by the fact that, upon information and belief, numerous immigrant visa applications filed with these consular officers or their predecessors after those of the plaintiffs, have already been adjudicated.

17. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

18. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

<u>RELIEF REQUESTED</u>

WHEREFORE it is respectfully requested that the Court find that an adjudication of plaintiffs' applications for immigrant visas to have been unreasonably delayed and compel each of the defendants to adjudicate the plaintiff's or plaintiffs' immigrant visa applications which is currently pending before them in no more than 30 days from the date of the Court's order, and to take such other action as it deems appropriate.

Dated this 15th day of September, 2021

s/ *Michael E. Piston* MI 002

Michael E. Piston
Transnational Legal Services P.C.
Attorney for the Plaintiffs
1955 W. Hamlin Rd. Ste 100
Rochester Hills, MI 48039
Phone: 646-876-3772
Fx: 206-770-6350
Email: michaelpiston4@gmail.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHERINE DANIELA PACHECO QUIROS<br>Gran Casa Universitaria, calle Masis,<br>San Pedro, Montes de Oca, Costa Rica<br><br> EDGAR JOSE DAVILA RIVERO<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>SUHEIL CARTAYA VILLANUEVA<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>EDGAR DAVIS DÁVILA CARTAYA<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>DORIANA PAOLA DÁVILA CARTAYA<br>AV 2 Manzana P #2, Maracay,<br>Aragua, Venezuela<br><br>GIOVANA TABAJARA BICHINHO<br>Rua 24 de Outubro 997, Apt 1101,<br>Moinhos de Vento 90510-002 RS- BRASIL<br><br>GULSHAN KARIMOVA<br>Zarifa Aliyeva apt.4,<br>Baku, Yasamal, Azerbaijan 0123<br><br>GUILHERME MARQUES CAMPOY<br>90 Romeu Meirelles Santos Street<br> Guaratingueta, Sao Paulo, Brazil 12517530<br><br>PATRICIA NOGUEIRA PLENTZ PALANDI<br>90 Romeu Meirelles Santos Street<br> Guaratingueta, Sao Paulo, Brazil 12517530 | CASE NO. 1:21-cv-02433-CKK<br><br>FIRST AMENDED COMPLAINT | |

1

| | | |
|---|---|---|
| PIETRA PALANDI CAMPOY<br>90 Romeu Meirelles Santos Street<br> Guaratingueta, Sao Paulo, Brazil 12517530<br><br>JOYA OVALLE RAFAEL LEONARDO<br> Carrera 7b # 12-06 int 8<br>Puerto madero. Mosquera Colombia<br><br>KAREN MARGARITA SIERRA<br>SANCHEZ<br>Carrera 7b # 12-06 int 8<br>Puerto madero, Mosquera, Colombia<br><br>THOMAS JOYA SIERRA<br>Carrera 7b # 12-06 int 8<br>Puerto madero, Mosquera, Colombia<br><br>BRIANNA JOYA SIERRA<br>Carrera 7b # 12-06 int 8<br>Puerto madero, Mosquera, Colombia<br><br>MANUEL FRANCISCO BASSANINI<br>RAMIREZ<br>Km 8.5 via a Samborondon, Urbanización<br>Vista al Parque Mz. 1 SL 60B, Samborondon-<br>Guayas, Ecuador 092301<br><br>ERIKA PATRICIA SERRANO TRAVERSO<br>Km 8.5 via a Samborondon, Urbanización<br>Vista al Parque Mz. 1 SL 60B, Samborondon-<br>Guayas, Ecuador 092301<br><br>JOSE MANUEL BASSANINI SERRANO<br>Km 8.5 via a Samborondon, Urbanización<br>Vista al Parque Mz. 1 SL 60B, Samborondon-<br>Guayas, Ecuador 092301<br><br>JUAN XAVIER BASSARNINI SERRANO<br>Km 8.5 via a Samborondon, Urbanización<br>Vista al Parque Mz. 1 SL 60B, Samborondon-<br>Guayas, Ecuador 092301<br><br>ÁLVARO JOSÉ DÁVILA RIVERO | | |

2

Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

MARIELA CAROLINA SIERRA
FRANCESCHI
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

NICOLE CAROLINA DÁVILA SIERRA
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

ÁLVARO SANTIAGO JOSÉ DÁVILA
SIERRA
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela

EMMA VICTORIA DÁVILA SIERRA
Avenida Principal el Castaño Callejón Nueva
Granada Casa # 304 Maracay Municipio
Girardot Estado Aragua Venezuela


Plaintiffs

   -   Against   -

MOLLY AMADOR
 Deputy Consul General and Visa Unit Chief
U.S. Embassy in  Costa Rica
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

KATHRYN ABATE
Consul
 U.S. Embassy in Georgia
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

JACQUELINE WARD

3

Consul General
U.S. Consulate General in Rio de Janeiro
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

DEANNA ABDEEN
Consul General
U.S. Embassy in Colombia
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

BRIAN QUIGLEY
Consul General
U.S. Consulate General in Guayaquil,
Ecuador
c/o The Executive Office,
Office of the Legal Adviser, Suite 5.600,
600 191 Street NW., Washington DC 20522

THE HONORABLE ANTHONY BLINKEN
Secretary of State of the United States
2201 C St NW
Washington, DC 20520

UNITED STATES DEPARTMENT OF
STATES
2201 C St NW
Washington, DC 20520

THE HONORABLE ALEJANDRO
MAYORKAS
Secretary of Homeland Security
245 Murray Lane, SW
Washington, DC 20528

UNITED STATES DEPARTMENT OF
JUSTICE
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

4

| Defendants | | |
|---|---|---|
| | | |

## DESCRIPTION OF ACTION

1. This is an action brought by the plaintiff immigrant visa applicants against the defendant U.S. consular officers to compel a decision on their applications for immigrant visas which have been pending with one of the defendants for more than twenty months, and in many cases much longer, and/or to compel the Secretary of State to forward certain plaintiffs' immigrant visa applications to the appropriate U.S. consular officer and/or  to hold unlawful and set aside purported "refusals" not intended as final decisions at all, but which merely serve as smokescreens for what is actually a failure to act in a timely manner on some of the plaintiffs' applications.

2. Finally, plaintiffs all seek to hold unlawful and set aside:

   a)  The policy of the UNITED STATES DEPARTMENT OF STATE of permitting persons other than the Secretary of State to terminate the registration of applicants for immigrant visas, purportedly pursuant to 8 U.S.C. § 1153(g), and

   b)  8 C.F.R. § 205.1(a)(1), automatically revoking immigrant visa petitions filed upon behalf of noncitizens whose immigrant visa registration has been terminated.

## JURISDICTION

3. This being a civil action against the United States arising under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 701 et seq., both laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

DESCRIPTION OF PARTIES

4.  The plaintiffs are all immigrant visa applicants whose applications for immigrant visas
    have been pending with one of the defendant consular officers and/or the UNITED
    STATES DEPARTMENT OF STATE for over 20 months. They are all noncitizens
    residing outside the U.S.

5.  The defendants MOLLY AMADOR, KATHRYN ABATE, JACQUELINE WARD,
    DEANNA ABDEEN and BRIAN QUIGLEY are all consular officers at various U.S.
    embassies or consulate generals where applications for immigrant visas filed by one or
    more of the plaintiffs are currently pending or, at least, should be pending. They are all
    U.S. citizens and reside outside the United States.

6.  The defendants THE HONORABLE ANTHONY BLINKEN and THE HONORABLE
    ALEJANDRO MAYORKAS are officers of the United States. They are U.S. citizens
    and reside in the District of Columbia.

7.  The defendants  UNITED STATES DEPARTMENT OF STATE and UNITED
    STATES DEPARTMENT OF JUSTICE are agencies of the United States residing in
    the District of Columbia.

BRIEF STATEMENT OF RELEVANT FACTS

8.  KATHERINE DANIELA PACHECO QUIROS's application for an immigrant visa,
    NVC Case Number SNJ2019564002, has been pending with MOLLY AMARDOR, or
    her predecessor, at the U.S. Embassy in  Costa Rica since on or before March 6, 2019.

9.  On an unknown date KATHERINE DANIELA PACHECO QUIROS's application for an immigrant visa was "refused" by MOLLY AMARDOR.

10. Upon information and belief that refusal was pursuant to 8 U.S.C. § 1201(g) for "administrative processing" and so is not a final refusal.

11. Plaintiffs EDGAR JOSE DAVILA RIVERO, CARTAYA VILLANUEVA, EDGAR DAVIS DÁVILA CARTAYA and DORIANA PAOLA DÁVILA CARTAYA are applicants for immigrant visas whose applications, all numbered NVC Case Number CRS2019600002,  have been pending with THE DEPARTMENT OF STATE's National Visa Center since on or before April 12, 2019, but have not yet been forwarded to the appropriate consular officer.

12.  GIOVANA TABARJAR BICHINIHO's application for an immigrant visa, NVC Case Number RDJ2019601006,  has been pending with JACQUELINE WARD, or her predecessor, at the U.S. Consulate General in Rio De Janiero since on or before April 12, 2019.

13. On an unknown date GIOVANA TABARJAR BICHINIHO's application for an immigrant visa was "refused" by JACQUELINE WARD.

14. Upon information and belief that refusal was under 8 U.S.C. § 1201(g) for "administrative processing" and so is not a final refusal.

15. GULSHANA KARIMOVA's application for an immigrant visa, NVC Case Number TBL2019774003,  has been pending with KATHRYN ABATE, or her predecessor, at the U.S. Embassy in  Georgia since on or before October 2, 2019.

16. GUILHERME MARQUES CAMPOY, PATRICIA NOGUEIRA PLENTZ PALANDI, and PIETRA PALANDI CAMPOY's applications for an immigrant visa, NVC Case

Number RDJ2019801001,  have been pending with JACQUELINE WARD, or her

predecessor, at the U.S. Consulate General in Rio De Janiero since on or before October

29, 2019.

17. On an unknown date at least one of the applications for an immigrant visa filed by

GUILHERME MARQUES CAMPOY, PATRICIA NOGUEIRA PLENTZ PALANDI

or PIETRA PALANDI CAMPOY was "refused" by JACQUELINE WARD.

18. Upon information and belief any such refusal was under 8 U.S.C. § 1201(g) for

"administrative processing" and so is not a final refusal.

19.  JOYA OVALLE RAFAEL LEONARDO, KAREN MARGARITA SIERRA

SANCHEZ, THOMAS JOYA SIERRA and BRIANNA JOYA SIERRA's applications

for an immigrant visa, NVC Case Number BGT2019678018,  was pending with

DEANNA ABDEEN, or her predecessor, at the U.S. Embassy in  Colombia from on or

before October 9, 2019, until some unknown date upon which their registration was

purportedly terminated.

20. Upon information and belief, JOYA OVALLE RAFAEL LEONARDO, KAREN

MARGARITA SIERRA SANCHEZ, THOMAS JOYA SIERRA and BRIANNA JOYA

SIERRA's registration for an immigrant visa has been terminated by an employee or

agent of the Department of State other than the Secretary of State, pursuant to an express

or implied policy of the UNITED STATES DEPARTMENT OF STATE permitting the

termination of immigrant visa registrations by persons other than the Secretary of State.

21. The termination of said registration automatically revoked the immigrant visa petition

approved upon behalf of JOYA OVALLE RAFAEL LEONARDO, of which KAREN

MARGARITA SIERRA SANCHEZ, THOMAS JOYA SIERRA and BRIANNA JOYA
SIERRA were derivative beneficiaries.

22. MANUEL FRANCISCO BASSANINI, ERIKA PATRICIA SERRANO TRAVERSO
and JOSE MANUEL BASSANINI SERRANO's applications for an immigrant visa,
NVC Case Number GY02019587004,  have been pending with BRIAN QUIGLEY, or
his predecessor, at the U.S. Consulate General in  Guayaquil, Ecuador since on or before
March 29, 2019.

23. ÁLVARO JOSÉ DÁVILA RIVERO, MARIELA CAROLINA SIERRA FRANCESCHI,
NICOLE CAROLINA DÁVILA SIERRA, ÁLVARO SANTIAGO JOSÉ DÁVILA
SIERRA and EMMA VICTORIA DÁVILA SIERRA CARTAYA's applications for an
immigrant visa, NVC Case Number CRS2019602001,  have been pending with
DEANNA ABDEEN, or her predecessor, at the U.S. Embassy in  Colombia since on or
before April 15, 2019.

24. Upon information and belief, on an unknown date the immediately foresaid plaintiffs'
registrations for an immigrant visa were terminated by someone other than the Secretary
of State.

25. The termination of said registration automatically revoked the immigrant visa petition
approved upon behalf of ÁLVARO JOSÉ DÁVILA RIVERO, of which MARIELA
CAROLINA SIERRA FRANCESCHI, NICOLE CAROLINA DÁVILA SIERRA,
ÁLVARO SANTIAGO JOSÉ DÁVILA SIERRA and EMMA VICTORIA DÁVILA
SIERRA CARTAYA, were derivative beneficiaries.

<u>COUNT I</u>

THE DEFENDANT CONSULAR OFFICERS HAVE BREACHED THEIR DUTY TO
CERTAIN OF THE PLAINTIFFS TO MAKE A FINAL DECISION ON THEIR

9

IMMIGRANT VISA APPLICATIONS WITHIN A REASONABLE TIME.

26. The defendants MOLLY AMADOR, KATHRYN ABATE, JACQUELINE WARD, DEANNA ABDEEN and BRIAN QUIGLEY are each consular officers.

27. The defendant consular officers each owe a duty to the plaintiffs whose applications have been filed with them or their predecessor consular officer(s), to make a final decision regarding each of their immigrant visa applications which are, or have been, pending before these defendants within a reasonable period of time after they were filed with them or their predecessor. 5 U.S.C. § 555(b) ("With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

28. This duty is not discharged by a "refusal" under 8 U.S.C. § 1201(g), due to "administrative processing", because that is not a final decision. See *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Kerry*, 168 F. Supp. 3d 268, 289 (D.D.C. 2016).

29. Neither is it discharged by returning an application to the UNITED STATES DEPARTMENT OF STATE's National Visa Center because that is likewise not a final decision.

30. Nor is termination of the registration of any visa applicant by any person other than the Secretary of State a final decision, since such action is not authorized by law.

31. Upon information and belief, none of the plaintiffs' registrations have been terminated by the Secretary of State.

32. "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, …". 8

U.S.C. § 1571(b).

33. The time in which each of the plaintiffs' applications have been pending with one of the defendants and/or their predecessor(s) is well beyond the time which is reasonably required to adjudicate them, as evidenced by the fact that, upon information and belief, numerous immigrant visa applications filed with these consular officers or their predecessors after those of the plaintiffs which have been filed with them, have already been adjudicated.

34. This Court has authority under 28 U.S.C. § 1361 to compel an officer or employee of the United States to perform a duty owed to the plaintiffs.

35. This Court also has authority under 5 U.S.C. § 706(1) to compel agency action unlawfully withheld or unreasonably delayed.

36. The time defendant consular officers have taken to make decisions on these applications is not governed by a "rule of reason" because, upon information and belief, these officers have reached final decisions on numerous applications which were filed with them after those of the plaintiffs' pending before them;

37. Congress has provided in 8 U.S.C. § 1571 an indication of the speed with which it expects consular officers to proceed in the Immigration and Nationality Act, which supplies content for a rule of reason, and the consular officers processing of these matters have fallen far short of that speed.

38. Human health and welfare are at state in the immigration of the vast majority of plaintiffs to the United States in that all but one of them reside in countries in which there is substantial political violence and/or vaccination rates well below those of the United States.

39. Inasmuch as these plaintiffs are not requesting that their applications for immigrant visas be expedited, but merely processed according to speeds which, upon information and belief, are

already slower than that of the processing of the vast majority of recent immigrant visa applications, this Court need not consider the effect of expediting delayed action on agency activities of a higher or competing priority;

40.  The Court should also take into account the nature and extent of the interests prejudiced by delay, that is, to the plaintiffs' successful immigration to the United States, which, for the vast majority of whom involves escaping a country of severe violence and/or pandemic as well as providing urgently needed labor to the petitioning U.S. employers in the midst of an unprecedented labor shortage;

41.  Even though the Court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'", nevertheless, at least some of the delays in this matter are a result of the agency's improper reliance upon "refusals" under 8 U.S.C. § 1201(g) to disguise their delay and in other cases delays have been created by what, upon information and belief, was the improper termination of some of the plaintiffs' registrations for immigrant visas.

WHEREFORE this Court should order the defendant consular officers to adjudicate those of the defendants' immigrant visa petition which are now, or have been, filed with them, as soon as reasonably possible and, in any event, no later than 30 days from a decision in this action.

<div align="center">COUNT II</div>

<div align="center">THE DEFENDANT DEPARTMENT OF STATE  HAS BREACHED ITS DUTY TO
CERTAIN PLAINTIFFS TO TAKE ACTION ON THEIR IMMIGRANT VISA
APPLICATIONS WITHIN A REASONABLE TIME.</div>

42. The UNITED STATES DEPARTMENT OF STATE has a duty to transfer to the appropriate U.S. consular officer any immigrant visa applications lodged with its National Visa Center within a reasonable time of them being lodged therewith.

43. However, upon information and belief, numerous immigrant visa applications lodged with the UNITED STATES DEPARTMENT OF STATE's National Visa Center after those of EDGAR JOSE DAVILA RIVERO, CARTAYA VILLANUEVA, EDGAR DAVIS DÁVILA CARTAYA and DORIANA PAOLA DÁVILA CARTAYA, have been transferred to the appropriate consular officer.

44. Accordingly, the time in which the immediately foresaid plaintiffs' applications for immigrant visas have been pending with the UNITED STATES DEPARTMENT OF STATES' National Visa Center is well beyond that which is reasonably required to transfer them to the appropriate consular officer.

45. The time the UNITED STATES DEPARTMENT OF STATE has taken to transfer these applications to DEANNA ABDEEN  is not governed by a "rule of reason" because, upon information and belief, the UNITED STATES DEPARTMENT OF STATE has transferred to the appropriate consular officers numerous applications which were lodged with it after those of these plaintiffs.

46. Congress has provided in 8 U.S.C. § 1571 an indication of the speed with which it expects agencies  to proceed in the Immigration and Nationality Act, which supplies content for a rule of reason, and the  UNITED STATES DEPARTEMENT OF STATE processing of these matters has fallen far short of that speed.

47. Human health and welfare are at stake in the immigration of these plaintiffs to the United States in that they reside in Venezuela, a country in which there is widespread hyperinflation, inability to access health or even the basic staples of life, dictatorial government, political violence and one of the highest violent crime rates in the world.

48. So severe in fact is the political and other violence in Venezuela and other disruptions to life there that the United States government has provided "Temporary Protected Status" to those Venezuelans who are in the United States, because it is not safe for them to return to their home country.

49. Inasmuch as the plaintiffs are not requesting that their applications for immigrant visas be expedited, but merely processed according to speeds which, upon information and belief, are already slower than that of the processing of the vast majority of recent immigrant visa applications, this Court need not consider the effect of expediting delayed action on agency activities of a higher or competing priority.

50. The Court should also take into account the nature and extent of the interests prejudiced by delay, that is, to the plaintiffs' successful immigration to the United States, which involves escaping a country of widespread economic hardship, violence and dictatorial government, as well as providing urgently needed labor to the petitioning U.S. employer in the midst of an unprecedented labor shortage.

51. The Court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

52. Therefore the UNITED STATES DEPARTMENT OF STATE has breached its duty to plaintiffs EDGAR JOSE DAVILA RIVERO, CARTAYA VILLANUEVA, EDGAR DAVIS DÁVILA CARTAYA and DORIANA PAOLA DÁVILA CARTAYA by failing to transfer their applications for immigrant visas to DEANNA ABDEEN, Consul General at the U.S. Embassy in Colombia, within a reasonable time after the applications were lodged with the Department's National Visa Center.

WHEREFORE this Court should order the defendant UNITED STATES DEPARTMENT OF STATE to transfer plaintiffs EDGAR JOSE DAVILA RIVERO, CARTAYA VILLANUEVA, EDGAR DAVIS DÁVILA CARTAYA and DORIANA PAOLA DÁVILA CARTAYA's immigrant visa applications as soon as reasonably possible to DEANNA ABDEEN, Consul General at the U.S. Embassy in Colombia and, in any event, no later than 30 days from a decision in this action.

FURTHER, inasmuch as said plaintiffs' applications for an immigrant visa have already been unreasonably delayed by the actions of the defendant UNITED STATES DEPARTMENT OF STATE, this Court should order the defendant, DEANNA ABDEEN, Consul General at the U.S. Embassy in Colombia, to make a final decision on said plaintiffs' applications for an immigrant visa as soon as reasonably possible after their being transferred to her and, in any event, in no more than 30 days from the date of that transfer.

COUNT III

THE DEPARTMENT OF STATE'S UNLAWFUL AUTHORIZATION OF PERSONS OTHER THAN THE SECRETARY OF STATE TO TERMINATE THE REGISTRATION OF APPLICATIONS FOR IMMIGRANT VISAS IS NOT IN ACCORDANCE WITH LAW

53. 8 U.S.C. § 1153(g) authorizes only the Secretary of State to terminate the registration of any noncitizen who fails to apply for an immigrant visa within one year following notification to the noncitizen of the availability of such visa.

54. Upon information and belief, it is the practice and/or policy of the UNITED STATES DEPARTMENT OF STATE to authorize persons other than the Secretary of State to terminate the registration of noncitizens who fail to apply for an immigrant visa within one year following notification to the noncitizen of the availability of such visa.

55. Accordingly, any purported termination of any of the plaintiffs' registration by anyone other

than the Secretary of State is not in accordance with law.

WHEREFORE this Court should hold unlawful and set aside the termination of any plaintiff's

registration which was effected by anyone other than the Secretary of State.

This Court should further restrain THE DEPARTMENT OF STATE, its officers or employees,

from authorizing or consenting to the termination of any plaintiff's registration by anyone other

than the Secretary of State in the future.

COUNT IV

INVALIDATION OF AN UNLAWFUL REGULATION

56. 8 U.S.C. § 1155 provides that:

The Secretary of Homeland Security may, at any time, for what he deems to be good and
sufficient cause, revoke the approval of any petition approved by him under section 1154
of this title. Such revocation shall be effective as of the date of approval of any such
petition.

57. On an unknown date, the UNITED STATES DEPARTMENT OF JUSTICE adopted 8

C.F.R. § 205.1(a)(1), which provides in relevant part that:

The approval of a petition or self-petition made under section 204 of the Act and in
accordance with part 204 of this chapter is revoked as of the date of approval:
1.      If the Secretary of State shall terminate the registration of the beneficiary
pursuant to the provisions of section 203(e) of the Act before October 1, 1991, or
section 203(g) of the Act on or after October 1, 1994;

58.     "(S)ubdelegations to outside parties are assumed to be improper absent an

affirmative showing of congressional authorization." *United States*

*Telecom Ass'n v. FCC*, 359 F.3d 554, 565-66 (D.C. Cir. 2004).

16

59.     Congress has never affirmatively authorized the subdelegation to the Secretary of State of

the Secretary of Homeland Security's authority to revoke immigrant visa petitions.

60.     Inasmuch as 8 C.F.R. § 205.1(a)(1) subdelegates to THE HONORABLE ANTONY

BLINKEN, Secretary of State, the authority of THE HONORABLE ALJEJANDRO

MAYORKAS,  the Secretary of Homeland Security, to revoke immigrant visa petitions without

affirmative Congressional authorization, it is not in accordance with law.

61.     Inasmuch as  the immigrant visa petitions upon behalf of JOYA OVALLE RAFAEL

LEONARDO and ÁLVARO JOSÉ DÁVILA RIVERO were automatically revoked pursuant to

this invalid regulation, those revocations were also not in accordance with law.

WHEREFORE this Court should exercise its authority under 5 U.S.C. § 706(2) to hold unlawful

and set aside 8 C.F.R. § 205.1(a)(1), and the automatic revocation of the  immigrant visa

petitions approved upon behalf of  JOYA OVALLE RAFAEL LEONARDO and ÁLVARO

JOSÉ DÁVILA RIVERO, as not in accordance with law.

FURTHER, this Court should also enjoin THE HONORABLE ALEJANDRO

MAYORKAS, Secretary of Homeland Security, or any of his successors in interest in that

capacity, from revoking any  immigrant visa petition approved upon behalf of any the plaintiffs

for no reason other than the termination of their registration for an immigrant visa.

 Dated this 18th day of December, 2021

s/ *Michael E. Piston*

Michael E. Piston (MI 002)
Transnational Legal Services P.C.
Attorney for the Plaintiffs
1955 W. Hamlin Rd. Ste 100
Rochester Hills, MI 48039
Phone: 646-876-3772
Fx: 206-770-6350
Email: michaelpiston4@gmail.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KATHERINE DANIELA PACHECO QUIROS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 21-2433 (CKK) |
| MOLLY AMADOR, *Deputy Consul General and Visa Unit Chief, U.S. Embassy in Costa Rica*, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' MOTION TO DISMISS AND SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, MOTION TO SEVER

For all the reasons stated in the accompanying memorandum of points and authorities, Defendants, by and through undersigned counsel, respectfully move to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) and also move for summary judgment pursuant to Rule 56.  To the extent that any claims survive, those remaining claims should be severed under Rule 21.  A proposed order in enclosed herewith.

\*     \*     \*

Dated: February 10, 2023
      Washington, DC

                       Respectfully submitted,

                       MATTHEW M. GRAVES, D.C. Bar #481052
                       United States Attorney

                       BRIAN P. HUDAK
                       Chief, Civil Division

                       By: _____ */s/ Derek S. Hammond* _____
                           DEREK S. HAMMOND
                           D.C. Bar # 1017784
                           Assistant United States Attorney
                           601 D Street, NW
                           Washington, DC 20530
                           202-252-2511
                           Derek.Hammond@usdoj.gov

                       *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KATHERINE DANIELA PACHECO QUIROS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MOLLY AMADOR, *Deputy Consul General and Visa Unit Chief, U.S. Embassy in Costa Rica*, *et al.*,<br><br>　　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) )　　Civil Action No. 21-2433 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND SUMMARY JUDGMENT OR, IN THE <u>ALTERNATIVE, MOTION TO SEVER</u>**

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

DEREK S. HAMMOND, D.C. Bar # 1017784
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
202-252-2511
Derek.Hammond@usdoj.gov

Dated: February 10, 2023

*Attorneys for the United States of America*

## <u>TABLE OF CONTENTS</u>

Table of Contents ............................................................................................... i

Table of Authorities ........................................................................................ iii

Background ......................................................................................................... 1

      I.       Plaintiffs' Applications ....................................................................... 1

            A.     Plaintiff Pacheco Quiros .......................................................... 1

            B.     The E. Davila Rivero Family .................................................... 3

            C.     Plaintiff Bichinho ..................................................................... 3

            D.     Plaintiff Karimova ................................................................... 4

            E.     The Campoy Family ................................................................. 5

             F.     The Leonardo Family ............................................................... 6

            G.     The Bassanini Ramirez Family ................................................ 7

            H.     The A. Davila Rivero Family ................................................... 9

      II.     Plaintiffs' Claims ............................................................................. 10

Legal Standards ................................................................................................ 10

      I.       Dismissal Under Rule 12 ................................................................. 10

      II.     Summary Judgment Under Rule 56 ................................................. 11

Argument .......................................................................................................... 12

      I.       Counts I and II of the Amended Complaint Should Be Dismissed or, in the
Alternative, the Court Should Grant Defendants Summary Judgment on Those
Claims. ............................................................................................. 12

            A.     Claims Asserted by Plaintiffs Who Have Been Issued Their Sought-After
Visas Are Moot. ...................................................................... 12

            B.     Claims Asserted by Plaintiffs' Who Have Had Their Visa Applications
Refused Are Untenable Due to the Consular Non-Reviewability Doctrine.
.................................................................................................. 13

            C.     Plaintiffs' Mandamus Claims Fail On the Merits. ................... 17

II.    The Court Should Dismiss Counts III and IV for Failure to State A Plausible
       Claim to Relief. ................................................................................................ 24

       A.    Count III is Without Merit Because A Subdelegation to a Subordinate
             Officer Is Not Improper. ................................................................. 25

       B.    Count IV Fails Because 8 C.F.R. § 205.1(a) Does Not Affect Any
             Improper Delegation of Authority. ................................................. 27

III.   To the Extent That Any Claims Survive, All Remaining Claims Should Be
       Severed. ........................................................................................................... 29

Conclusion ................................................................................................................ 32

## <u>TABLE OF AUTHORITIES</u>

Cases

*Abdo v. Tillerson*,
    Civ. A. No. 17-7519, 2019 WL 464819 (S.D.N.Y. Feb. 5, 2019) ............................................ 14

*Aboutalebi v. Dep't of State*,
    Civ. A. No. 19-2605 (TJK), 2019 WL 6894046 (D.D.C. Dec. 18, 2019) ............................... 12

*Al-Gharawy v. Dep't of Homeland Sec.*,
    Civ. A. No. 21-1521 (RDM), 2022 WL 2966333 (D.D.C. July 27, 2022) .................. 14, 15, 16

*Am. Nat'l Ins. Co. v. FDIC*,
    642 F.3d 1137 (D.C. Cir. 2011) ............................................................................................ 10

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) .............................................................................................................. 11

*Arab v. Blinken*,
    Civ. A. No. 21-1852 (BAH), 2022 WL 1184551 (D.D.C. Apr. 21, 2022) .............................. 21

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .............................................................................................................. 11

*Baan Rao Thai Rest. v. Pompeo*,
    985 F.3d 1020 (D.C. Cir. 2021) ............................................................................... 13, 14, 16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................. 11

*Cannon v. District of Columbia*,
    717 F.3d 200 (D.C. Cir. 2013) ................................................................................................ 3

*Celotex Corp. v. Catrett*,
    477 U.S. 317, (1986) ............................................................................................................. 11

*Czekalski v. Peters*,
    475 F.3d 360 (D.C. Cir. 2007) .............................................................................................. 11

*Dastagir v. Blinken*,
    557 F. Supp. 3d 160 (D.D.C. 2021) ................................................................................ 18, 23

*Davidson v. District of Columbia*,
    736 F. Supp. 2d 115 (D.D.C.2010) ....................................................................................... 30

*Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7 (D.D.C. 2004) ........................................................ 30

*EEOC v. St. Francis Xavier Parochial Sch.*,
   117 F.3d 621 (D.C. Cir. 1997) ........................................................................ 3

*Eljalabi v. Blinken*,
   Civ. A. No. 21-1730 (RC), 2022 WL 2752613 (D.D.C. July 14, 2022) .................. 20

*Fleming v. Mohawk Wrecking & Lumber Co.*,
   331 U.S. 111 (1947) ........................................................................................ 26

*Ghadami v. Dep't of Homeland Sec.*,
   Civ. A. No. 19-0397 (ABJ), 2020 WL 1308376 (D.D.C. Mar. 19, 2020), ............... 22

*Gong v. Duke*,
   282 F. Supp. 3d 566 (E.D.N.Y. 2017) ............................................................... 22

*Herbert v. Nat'l Acad. Of Scis.*,
   974 F.2d 192 (D.C. Cir. 1992) ......................................................................... 10

*Hispanic Affairs Project v. Perez*,
   206 F. Supp. 3d 348 (D.D.C. 2016) .................................................................. 29

*In re Barr Labs.*,
   930 F.2d 72 (D.C. Cir. 1991) ..................................................................... 22, 24

*In re Bluewater Network*,
   234 F.3d 1305 (D.C. Cir. 2000) ....................................................................... 17

*In re Core Commc'ns, Inc.*,
   531 F.3d 849 (D.C. Cir. 2008) ......................................................................... 17

*In re United Mine Workers of Am. Int'l Union*,
   190 F.3d 545 (D.C. Cir. 1999) ......................................................................... 18

*iTech U.S., Inc. v. Renaud*,
   5 F.4th 59, (D.C. Cir. 2021) ............................................................................ 28

*J.M.A. v. Sessions*,
   319 F. Supp. 3d 290 (D.D.C. 2018) ............................................................ 29, 30

*Kondapally v. USCIS*,
   557 F. Supp. 3d 10 (D.D.C. 2021) .................................................................... 28

*Liberty Fund v. Chao*,
   394 F. Supp. 2d 105 (D.D.C. 2005) ........................................................ 22, 23, 31

*Liu v. Blinken*,
   544 F. Supp. 3d 1 (D.D.C. 2021) ................................................................ 18, 23

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ........................................................................................... 10, 24

*M.K. v. Tenet,*
    216 F.R.D. 133 (D.D.C. 2002) ................................................................................. 30

*Markowicz v. Johnson,*
    206 F. Supp. 3d 158 (D.D.C. 2016) .......................................................................... 2

*Mashpee Wampanoag Tribal Council, Inc. v. Norton,*
    336 F.3d 1094 (D.C. Cir. 2003) ......................................................................... 21, 22

*Milligan v. Pompeo,*
    502 F. Supp. 3d 302 (D.D.C. 2020) ..................................................................... 18, 23

*Mohammad v. Blinken,*
    548 F. Supp. 3d 159 (D.D.C. 2021) 5 ................................................................... 18, 23

*Mosley v. Gen. Motors Corp.,*
    497 F.2d 1330 (8th Cir. 1974) ................................................................................. 30

*Nine Iraqi Allies v. Kerry,*
    168 F. Supp. 3d 268 (D.D.C. 2016) ..................................................................... 12, 15

*Norton v. S. Utah Wilderness,*
    *All.,* 542 U.S. 55 (2004) ..................................................................................... 19, 20

*OC Modeling, LLC v. Pompeo,*
    Civ. A. No. 20-1687, 2020 WL 7263278 (C.D. Cal. Oct. 7, 2020) .......................... 16

*Papasan v. Allain,*
    478 U.S. 265 (1986) ................................................................................................. 11

*Park v. Gonzales,*
    450 F. Supp. 2d 1153 (D. Or. 2006) ........................................................................ 25

*Pharm. Rsch. & Mfrs. of Am. v. Dep't of Health & Human Servs.,*
    43 F. Supp. 3d 28 (D.D.C. 2014) .............................................................................. 2

*Pinson v. U.S. Dep't of Justice,*
    74 F. Supp. 3d 283 (D.D.C. 2014) ........................................................................... 30

*Pourshakouri v. Pompeo,*
    Civ. A. No. 20-0402, 2021 WL 3552199 (D.D.C. Aug. 11, 2021) .......................... 21

*Rice v. Sunrise Express, Inc.,*
    209 F.3d 1008 (7th Cir. 2000) ................................................................................. 30

JA-045

*Richardson v. Kerry*,
  Civ. A. No. 14-0742, 2014 WL 4385995 (S.D. Tex. Sept. 4, 2014) ....................................... 25

*Saavedra Bruno v. Albright*,
  197 F.3d 1153 (D.C. Cir. 1999) ...................................................................................... 13, 16

*Sarlak v. Pompeo*,
  Civ. A. No. 20-0035 (BAH), 2020 WL 3082018 (D.D.C. June 10, 2020) ........................ 18, 22

*Sayad v. Dep't of Homeland Sec.*,
  Civ. A. No. 20-2333 (TSC), 2022 WL 4130840 (D.D.C. Sept. 12, 2022) ........................ 12, 13

*Scott v. Harris*,
  550 U.S. 372 (2007) .............................................................................................................. 11

*Shen v. Pompeo*,
  Civ. A. No. 20-1263 (ABJ), 2021 WL 1246025 (D.D.C. Mar. 24, 2021), ........................ 18, 23

*Skalka v. Kelly*,
  246 F. Supp. 3d 147 (D.D.C. 2017) ........................................................................ 18, 21, 24

*Spaeth v. Mich. St. Univ. Coll. of Law*,
  845 F. Supp. 2d 48 (D.D.C. 2012) ......................................................................................... 29, 30

*Tate v. Pompeo*,
  513 F. Supp. 3d 132 (D.D.C. 2021) ......................................................................... 22, 23

*Tesfaye v. Blinken*,
  Civ. A. No. 22-0411 (CKK), 2022 WL 4534863 (D.D.C. Sept. 28, 2022) ............................ 15

*Thomas v. Principi*,
  394 F.3d 970 (D.C. Cir. 2005) ................................................................................................ 10

*Telecom Research & Action Ctr. v. FCC*,
  750 F.2d 70 (D.C. Cir. 1984) .............................................................................. 17, 18, 24

*U.S. Telecom Ass'n v. FCC*,
  359 F.3d 554 (D.C. Cir. 2004) ......................................................................... 26, 27, 29

*Stand Up for Cal.! v. Dep't of the Interior*,
  994 F.3d 616 (D.C. Cir. 2021) ........................................................................................ 26

*United States ex rel. Knauff v. Shaughnessy*,
  338 U.S. 537 (1950) ................................................................................................................ 13

*United States v. Giordano*,
  416 U.S. 505 (1974) ................................................................................................................ 26

JA-046

*United States v. Matherson,*
    367 F. Supp. 779 (E.D.N.Y.1973) .................................................................... 28

*Varol v. Radel,*
    420 F. Supp. 3d 1089 (S.D. Cal. 2019) ............................................................ 23

*W. Org. of Res. Councils v. Zinke,*
    892 F.3d 1234 (D.C. Cir. 2018) ....................................................................... 20

*Wan Shih Hsieh v. Kiley,*
    569 F.2d 1179 (2d Cir. 1978) ..................................................................... 13, 14

*Wilson v. Wolf,*
    Civ. A. No. 20-0100 (ABJ), 2021 WL 230136 (D.D.C. Jan. 22, 2021) .................... 3

*Xu v. Cissna,*
    434 F. Supp. 3d 43 (S.D.N.Y. 2020) ........................................................... 21, 22

*Yavari v. Pompeo,*
    Civ. A. No. 19-02524, 2019 WL 6720995 (C.D. Cal. Oct. 10, 2019) ..................... 21

*Zaman v. Dep't of Homeland Sec.,*
    Civ. A. No. 19-3592 (ABJ), 2021 WL 5356284 (D.D.C. Nov. 16, 2021) ............... 21

Statutes

5 U.S.C. § 706(1) ............................................................................................... 17

8 U.S.C. § 1153(g) ........................................................................... 25, 26, 27, 28

8 U.S.C. § 1154 .................................................................................................. 27

8 U.S.C. § 1155 ............................................................................................ 27, 28

8 U.S.C. § 1201(g) ....................................................................... 14, 15, 16

8 U.S.C. § 1252 .................................................................................................. 28

U.S.C. § 1155 .................................................................................................... 27

Regulations

8 C.F.R. § 42.67 ................................................................................................. 25

8 C.F.R. § 42.83 ................................................................................................. 25

8 C.F.R. § 205.1(a) ............................................................................... 1, 19, 27

8 C.F.R. § 205.1(a)(1) .......................................................................... 10, 25, 28

22 C.F.R. § 42.62 ..................................................................................... 19

22 C.F.R. § 42.81 ..................................................................................... 19

C.F.R. § 205.1(a)(1) ............................................................................ 25, 28

Other Authorities

*Federal Practice and Procedure* § 1689 ................................................. 29

By and through their undersigned counsel, Defendants—certain agencies and officials of the United States responsible for administering the Nation's immigration laws and programs— respectfully move to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), for summary judgment under Rule 56 or, in the alternative, to sever Plaintiffs' claims under Rule 21.[1]  For the reasons explained below, the Court should grant this motion.

## BACKGROUND

Through this action, Plaintiffs seek to compel the Government to decide their various requests for immigrant visas.  *See generally* Am. Compl. Plaintiffs contend that they submitted immigrant visa applications to five different U.S. embassies or consulates between March 6 and October 29, 2019.  Am. Compl. ¶¶ 8-25.  Specifically, they claim that their visa applications are pending at (1) the U.S. Embassy in San Jose, Costa Rica, (2) the U.S. Embassy in Bogota, Columbia, (3) the U.S. Consulate General in Rio De Janiero, Brazil, (4) the U.S. Embassy in Tbilisi, Georgia, (5) the U.S. Consulate General in Guayaquil, Ecuador (collectively, the "Foreign Jurisdictions") or (6) State Department's National Visa Center ("NVC").  *See id.*  The postures of the requests for each Plaintiff are described below

### I.  Plaintiffs' Applications

### A.  Plaintiff Pacheco Quiros

Southeastern Janitorial of SC LLC filed a Form I-140, Petition for Alien Worker, with the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS") on behalf Katherine Daniela Pacheco Quiros.  Decl. of Chloe Peterman ("Peterman

---

[1]     Pursuant to Local Civil Rule 7(m), undersigned counsel has conferred with counsel for Plaintiffs as to this alternative relief and counsel for Plaintiffs indicates that Plaintiffs do not consent.

Decl.") ¶ 3.   That petition was approved and, upon receipt by State, was assigned case number SNJ2019564002.  *Id.* ¶ 4; *see also* Am. Compl. ¶ 8.  On September 7, 2022, Ms. Pacheco Quiros applied for an immigrant visa before a consular officer at the U.S. Embassy in San Jose, Costa Rica.  Peterman Decl. ¶ 6.  Ms. Pacheco Quiros was found eligible and issued an immigrant visa. *Id*.  Below is a screen shot from the publicly available Visa Status Check system provided by the State Department's Consular Electronic Application Center ("CEAC") showing that the visa application bearing the above case number has been issued.



CEAC, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case no. SNJ2019564002 at San Jose, Costa Rica).[2]

---

[2]     The Court may take judicial notice of information posted on official public websites of government agencies.  *See, e.g., Markowicz v. Johnson*, 206 F. Supp. 3d 158, 161 n.2 (D.D.C. 2016) (Contreras, J.) (citing *Pharm. Rsch. & Mfrs. of Am. v. Dep't of Health & Human*

**B. The E. Davila Rivero Family**

Southeastern Janitorial of SC LLC filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Edgar Jose Davila Rivero.   Peterman Decl. ¶ 7.   Mr. Davila Rivero's case includes a derivative spouse, Suheil Dajennic Cartaya Villanueva, and two derivative children Doriana Paola and Edgar Davis (collectively, the "E. Davila Rivero Family").   *Id.*   These Plaintiffs allege that their application has "been pending with the [NVC] since on or before April 12, 2019, but have not yet been forwarded to the appropriate consular officer."   Am. Compl. ¶ 11.   But, in reality, they have not yet completed the steps for the case to become documentarily qualified so that they may be scheduled to make an immigrant visa application at an interview.[3]   Peterman Decl. ¶ 9.

**C.   Plaintiff Bichinho**

Dycos Services, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Giovana Tabajara Bichinho. Peterman Decl. ¶ 10.   NVC was notified that the I-140 was approved and a case created on April 13, 2019.   *Id.* ¶ 11.   Ms. Tabajara Bichinho's case was assigned number RDJ2019601006.   *Id.*; *see also* Am. Compl. ¶ 12.   On July 16, 2019, Ms. Tabajara Bichinho' case became documentarily qualified for Ms. Tabajara Bichinho to be scheduled to make an immigrant

---

*Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014) (Contreras, J.) ("Courts in this jurisdiction have frequently taken judicial notice of information posted on official public websites of government agencies.") (citing *Cannon v. District of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013) (taking judicial notice of document posted on D.C. public website)))).   As such, the Court can consider the websites cited herein without converting this motion into one seeking summary judgment. *See, e.g., Wilson v. Wolf*, Civ. A. No. 20-0100 (ABJ), 2021 WL 230136, at *4 (D.D.C. Jan. 22, 2021) ("In ruling upon a motion to dismiss for failure to state a claim, a court may ordinarily consider only 'the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'") (citing, among others, *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 (D.C. Cir. 1997)).

[3]        Those steps are identified in 9 FAM 504.1-2.

visa application at an interview.  Peterman Decl. ¶ 12.  On December 11, 2019, Ms. Tabajara

Bichinho appeared for an interview at the U.S. Consulate General in Rio de Janeiro, Brazil, and

applied for an immigrant visa.  *Id.* ¶ 13.  The consular officer refused the visa application under

section 221(g) of the Immigration and Nationality Act ("INA") and returned the I-140 to USCIS

for review and possible revocation.  *Id.*; *see also* Am. Compl. ¶ 13.  On March 23, 2022, the

consular section at the U.S. Consulate General in Rio de Janeiro received the I-140 petition filed

on behalf of Ms. Tabajara Bichinho, which had been reaffirmed by USCIS.  Peterman Decl. ¶ 14.

Ms. Tabajara Bichinho is therefore free to reapply for an immigrant visa, but has not yet done so.

*Id.* ¶ 12.

### D.  Plaintiff Karimova

JKS & K, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf

Gulshan Karimova.  Peterman Decl. ¶ 15.   The I-140 was approved and a case created on October

2, 2019. *Id.* ¶ 16.  Ms. Karimova's case was assigned number TBL2019774003.  *Id.*; *see also* Am.

Compl. ¶ 15.  On January 22, 2020, Ms. Karimova appeared for an interview at the U.S. Embassy

in Tbilisi, Georgia, and applied for an immigrant visa.  Peterman Decl. ¶ 18.  The consular officer

refused the visa application under INA section 221(g).  *Id.*  Below is a screenshot from the CEAC

Visa Status Check system showing that the visa application bearing the above case number has

been refused.



CEAC, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case no. TBL2019774003 at Tiblisi, Georgia).

**E.  The Campoy Family**

JKS & K, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Guilherme Marques Campoy.  Peterman Decl. ¶ 19.  Mr. Marques Campoy's case includes a derivative spouse, Patricia Nogueira Plentz Palandi, and a derivative child, Pietra (collectively, the "Campoy Family").  *Id.*  Mr. Campoy's petition was approved and, upon receipt by State, was assigned case number RDJ2019801001.  *Id.* ¶ 20; *see also* Am. Compl. ¶ 16.  On November 19, 2021, Mr. Marques Campoy and his family appeared for an interview at the U.S. Consulate General in Rio de Janeiro, Brazil, and applied for immigrant visas.   Peterman Decl.  ¶ 22.  The consular officer refused the visa applications under INA section 221(g).  *Id.*; *see also* Am. Compl. ¶ 17.  But, Mr. Marques Campoy and his family were later found eligible and issued immigrant

visas on February 25, 2022.   Peterman Decl. ¶ 23.   Below is a screen shot from the CEAC Visa

Status Check system showing that the visa applications bearing the above case number have been

issued.



CEAC, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case no. RDJ2019801001

at Rio De Janeiro, Brazil).

### F.   The Leonardo Family

Dycos Services, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf

Joya Ovalle Rafael Leonardo.   Peterman Decl. ¶ 24.   Mr. Rafael Leonardo's case includes a

derivative spouse, Karen Margarita Sierra Sanchez, and derivative children, Thomas and Briana

(collectively, the "Leonardo Family").   *Id.*   Mr. Rafael Leonardo's petition was approved and

assigned case number BGT2019678018.   *Id.* ¶ 25; *see also* Am. Compl. ¶ 19.   On December 2,

2019, Mr. Rafael Leonardo appeared for an interview at the U.S. Embassy in Bogota, Columbia,

and applied for an immigrant visa.   Peterman Decl. ¶ 27; *see also* Am. Compl. ¶ 19.   The consular

officer refused the visa application under INA section 221(g).  Peterman Decl. ¶ 27.  Below is a

screenshot from the CEAC Visa Status Check system showing that the visa application bearing

the above case number have been refused.



CEAC, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case no. BGT2019678018

at Bogota, Columbia).[4]

### G.    The Bassanini Ramirez Family

Sej Services, LLC. Filed a Form I-140, Petition for Alien Worker, with USCIS on behalf

Manuel Francisco Bassanini Ramirez.   Peterman Decl. ¶ 29.   Mr. Bassanini Ramirez's case

includes a derivative spouse, Erika Patricia Serrano Traverso (collectively, the "Bassanini Ramirez

---

[4]    In their Amended Complaint, these Plaintiffs allege that their registration was terminated.
*See* Am. Compl. ¶¶ 19-20.  State has no record that the case concerning the Leonardo Family was,
in fact, terminated under INA section 203(g).  Peterman Decl. ¶ 28.

Family").[5]  *Id.*  Mr. Bassanini Ramirez's petition was approved and, upon receipt by State, was assigned case number GY02019587004.  *Id.* ¶ 30; *see also* Am. Compl. ¶ 22.  On June 6, 2022 Mr. Bassanini Ramirez appeared for an interview at the U.S. Consulate General in Guayaquil, Ecuador, and reapplied for an immigrant visa.  *Id.* ¶ 34.  Mr. Bassanini Ramirez and his spouse were found eligible and issued immigrant visas.  *Id.*  Below is a screen shot from the CEAC Visa Status Check system showing that the visa applications bearing the above case number have been issued.



---

[5]      The Amended Complaint also lists Jose Manuel Bassanini Serrano and Juan Xavier Bassannini [sic] Serrano as plaintiffs.  *See generally* Am. Compl.  Neither of these individuals is associated with case number GY02019587004, Peterman Decl. ¶ 28, and there are no allegations anywhere in the Amended Complaint establishing that they have any other case pending with Defendants, *see generally* Am. Compl.

CEAC, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case no. GY02019587004 at Rio De Janeiro, Brazil).

**H.    The A. Davila Rivero Family**

Dycos Services, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Alvaro Jose Davila Rivero.  Peterman Decl. ¶ 35.  Mr. Davila Rivero's case includes a derivative spouse, Mariela Carolina Sierra Franceschi, and derivative children, Nicole, Alvaro, and Emma (collectively, the "A. Davila Rivero Family".  *Id.*  The I-410 was approved and Mr. Davila Rivero's case was assigned number CRS2019602001.  *Id.* ¶ 36; *see also* Am. Compl. ¶ 23.  On November 6, 2019, Mr. Davila Rivero was scheduled to appear for an interview at the U.S. Embassy in Bogota, Colombia, and apply for an immigrant visa.  *Id.* ¶ 37.  Mr. Davila Rivero did not appear and therefore did not execute an immigrant visa application.  *Id.* ¶ 38.

On February 21, 2020, counsel for Mr. Davila Rivero contacted the consular section at the U.S. Embassy in Bogota regarding Mr. Davila Rivero appearing at a later time to execute an immigrant visa application.  *Id.* ¶ 39.  The consular section responded on February 25, 2020 with instructions.  *Id.*  Neither Mr. Davila Rivero nor his counsel ever responded.  *Id.*  On July 2, the consular section sent Mr. Davila Rivero notice that his petition risked termination under INA section 203(g) because he had failed to apply for an immigrant visa for more than one year following notice of visa availability.  *Id.* ¶ 40.  Yet, there was still no response from Mr. Davila Rivero or his counsel.  *Id.*

On July 11, 2022, the consular section sent Mr. Davila Rivero a notice that his petition had to be terminated under INA section 203(g) because he failed to apply for an immigrant visa for more than one year following notice of visa available and had failed to show, in the year after that, that his failure to apply for an immigrant visa was for circumstances beyond his control.  *Id.* ¶ 41.

## II.   <u>Plaintiffs' Claims</u>

Plaintiffs initiated this lawsuit and later filed an Amended Complaint on December 18, 2021.  In Count I, Plaintiffs challenge the purported delay in consular officers adjudicating their immigrant visa applicaitons that have been pending at consulates and embassies in the Foreign Jurisdictions.  *See* Am. Compl. ¶¶ 26-41.  In Count II, the E. Davila Rivero Family challenges the supposed delay in transferring their visa requests from the NVC to the appropriate consular officer in Columbia.  *See id.* ¶¶ 42-52.  In Count III, Plaintiffs challenge the termination of any of their registrations by anyone other than the Secretary of State.  *See id.* ¶¶ 53-55.  Lastly, in Count IV, Plaintiffs contend that 8 C.F.R. § 205.1(a)(1), which automatically revokes the approval for any petition whose registration is terminated by the Secretary of State, is unlawful because, according to them, it constitutes an improper delegation of authority.

## <u>LEGAL STANDARDS</u>

## I.   **Dismissal Under Rule 12**

Under Rule 12(b)(1), a plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged."  *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).  A court may examine materials outside the pleadings as it deems appropriate to resolve the question of its jurisdiction.  *See Herbert v. Nat'l Acad. Of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff.  *See Iqbal*, 556 U.S. at 678.  However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true.  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## II.   Summary Judgment Under Rule 56

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A "material" fact is one capable of affecting the substantive outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the nonmovant.  *Scott v. Harris*, 550 U.S. 372, 380, 127 (2007).  The burden is on the nonmovant to identify specific facts in the record that reveal a genuine issue that is suitable for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, (1986). When considering a motion for summary judgment, the Court analyzes all underlying facts and inferences in the light most favorable to the nonmovant, *Anderson*, 477 U.S. at 255, and "eschew[s] making credibility determinations or weighing the evidence," *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007).

# ARGUMENT

I. **Counts I and II of the Amended Complaint Should Be Dismissed or, in the Alternative, the Court Should Grant Defendants Summary Judgment on Those Claims.**

In Counts I and II, Plaintiffs assert mandamus challenges, arguing that State Department has unreasonably delayed the adjudication of their requests for immigrant visas, either at the U.S. Consulates and Embassies in the Foreign Jurisdictions or at the NVC.  As demonstrated below, these claims fail for multiple reasons.

## A. Claims Asserted by Plaintiffs Who Have Been Issued Their Sought-After Visas Are Moot.

The claims asserted by Ms. Pacheco Quiros, the Campoy Family, and the Bassanini Ramirez Family should be dismissed.  As noted above, these Plaintiffs have been found eligible and issued the immigrant visas sought in this action.  *See* Peterman Decl. ¶¶ 4, 21, 31; CEAC, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case nos. SNJ2019564002, RDJ2019801001, and GY02019587004).  Because a consular officer of the State Department has issued the requested visas, their claims are plainly moot.  *See Sayad v. Dep't of Homeland Sec.*, Civ. A. No. 20-2333 (TSC), 2022 WL 4130840, at *2 (D.D.C. Sept. 12, 2022) (dismissing visa mandamus case as moot when a consular officer issued a final decision on the relevant visa application); *Aboutalebi v. Dep't of State*, Civ. A. No. 19-2605 (TJK), 2019 WL 6894046, at *2 (D.D.C. Dec. 18, 2019) (same); *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 277-78 (D.D.C. 2016) (dismissing visa mandamus claims of those plaintiffs that had been issued as moot).  That is, because the Court's jurisdiction under the Constitution extends only to actual, ongoing controversies, it precludes the Court from deciding cases where the issues presented are no longer live.  *Sayad*, 2022 WL 4130840, at *2.  Here, because these Plaintiffs received exactly what the Amended Complaint sought—adjudication of their visa applications—there no longer remains a

live controversy, and the Court can grant no meaningful relief to them.  *Id.*  Accordingly, the Court should dismiss their claims for a lack of jurisdiction under Rule 12(b)(1).

### B.  Claims Asserted by Plaintiffs' Who Have Had Their Visa Applications Refused Are Untenable Due to the Consular Non-Reviewability Doctrine.

The visa applications for the Leonardo Family and Ms. Karimova have already been refused and therefore the doctrine of consular non-reviewability bars claims based on their applications.  *See* Am. Compl. ¶¶ 15, 19 (identifying State Department application numbers); CEAC, Visa Status Check, https://ceac.state.gov/CEACStatTracker/Status.aspx (results for case nos. BGT2019678018 at Bogota, Columbia, and TBL2019774003 at Tiblisi, Georgia, showing applications "Refused").

As the D.C. Circuit has reaffirmed, "[c]onsular nonreviewability shields a consular officer's decision to issue *or withhold* a visa from judicial review, at least unless Congress says otherwise."  *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021) (emphasis added) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999)).  This is because "[d]ecisions regarding the admission and exclusion of noncitizens may implicate relations with foreign powers, or involve classifications defined in the light of changing political and economic circumstances and, accordingly, such judgments are frequently of a character more appropriate to either the Legislature or the Executive."  *Baan Rao*, 985 F.3d at 1024 (internal alterations, quotation marks, and citation omitted); *see also United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950) ("it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given [non-citizen]"); *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) (stating it is "settled that the judiciary will not interfere with the visa-issuing process").

In *Baan Rao*, the D.C. Circuit went on to note that there are only "two narrow circumstances" where the doctrine does not apply: (1) where an U.S. citizen challenges the exclusion of a noncitizen if it burdens the citizen's constitutional rights; and (2) where Congress says otherwise. *Id.* (collecting citations). Notably, the Circuit did not include an exception for the claims brought here—a suit seeking to compel further decisions on visa applications that have already been refused. Moreover, while styled as a suit seeking mandamus, ultimately Plaintiffs ask the Court to decide whether the consular officer can continue to withhold the visa based on the officers' initial refusals or must make additional decisions to issue or withhold the visa. No reading of *Baan Rao* and the D.C. Circuit's precedents permits such a claim seeking review of the merits or duration of a consular officer's withholding of a visa.

Indeed, by confining the exceptions to the doctrine and noting that doctrine prevents review of decisions to "withhold" visas, the D.C. Circuit's approach in *Baan Rao* mirrors the widely held view of courts in the Second Circuit that "the doctrine of consular nonreviewability applies not only when 'a plaintiff challenges an official's discretionary decision to approve or deny a visa application,' but also 'where a plaintiff seeks to compel an official to simply adjudicate a visa application.'" *Abdo v. Tillerson*, Civ. A. No. 17-7519, 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019) (collecting cases; noting limited exception for "cases brought by U.S. citizens raising constitutional, rather than statutory, claims"). As such, under the Circuit's clear guidance, Plaintiff's Amended Complaint fails to state a claim for relief. *Baan Rao*, 985 F.3d at 1027-29 (consular non-reviewability is a merits disposition properly brought under Rule 12(b)(6)).

Defendants appreciate that various judges in this District have held that the doctrine does not apply in cases where, as here, a consular officer has refused a visa application under 8 U.S.C. § 1201(g), based on a noncitizen's failure to establish their eligibility subject to further

administrative processing. *See, e.g.*, *Al-Gharawy v. Dep't of Homeland Sec.*, Civ. A. No. 21-1521 (RDM), 2022 WL 2966333, at *6 (D.D.C. July 27, 2022). Defendants respectfully disagree with these holdings.

First, as Judge Moss wrote in *Al-Gharawy*, no decision from this District before July 2022 attempted to square the diverging views of *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 293 (D.D.C. 2016) (Kessler, J.) (the ultimate source of decisions finding the doctrine inapplicable), and the decisions from courts in the Second Circuit cited above. As such, cases that pre-date *Al-Gharawy* fail to grapple with the judiciary's diverging views on the central issue here—i.e., does the consular non-reviewability doctrine contain an exception that allows the Court to compel a consular officer to reach another decision on a visa application after they have refused it? As discussed above, no such exception exists under the text of the INA or D.C. Circuit precedents.

Indeed, contrary to the holding of *Al-Gharawy*, by refusing the visa applications here under 8 U.S.C. § 1201(g), the consular officials have adjudicated the applications as contemplated by the Department's regulations and the INA. *See Tesfaye v. Blinken*, Civ. A. No. 22-0411 (CKK), 2022 WL 4534863, at *5 (D.D.C. Sept. 28, 2022) (questioning what "non-discretionary duty" was "unlawfully withheld" where applications were "refused" under 8 U.S.C. § 1201(g) as contemplated by operative regulation). Indisputably, that decision remains final unless superseded by another decision. Indeed, an INA § 221(g) refusal is not a "temporary" or "passive" refusal as the *Al-Gharawy* court suggested. *Al-Gharawy*, 2022 WL 2966333, at *8. Instead, it reflects a determination by a consular officer that the noncitizen is ineligible to receive a visa, the application fails to comply with applicable requirements, or the official has reason to believe that the noncitizen is ineligible to receive a visa. 8 U.S.C. § 1201(g). In other words, by refusing the visas under INA 221(g), a consular official has determined that the noncitizen failed to meet their burden

to establish eligibility for a visa. While additional documentation or investigation may prompt a consular official to revisit those decision, and processes may be underway to explore that possibility, the consular official has decided to "withhold" the visa. Indeed, even if "withhold" as used in *Baan Rao*, 985 F.3d at 1024, is synonymous with active terms such as "disallow," *Al-Gharawy*, 2022 WL 2966333, at *8, there is no daylight between the term "refusal" as used in the statute and an active verb such as "disallow."

In this case, the consular officials have decided not to issue visas in response to the visa applications submitted by the Leonardo Family and Ms. Karimova. Those decisions are immune from review in this Court because unlike other administrative decisions, consular official actions with respect to visas are presumptively non-reviewable in court absent statutory provisions to the contrary. *Saavedra Bruno*, 197 F.3d at 1162 ("Congress could safely assume that [non-citizens] residing abroad were barred from challenging consular visa decisions in federal court unless legislation specifically permitted such actions. The presumption, in other words, is the opposite of what the APA normally supposes."). And Plaintiffs should not be allowed to circumvent that rule by seeking to compel a consular official to make another decision on a visa application after a consular officer has already decided to functionally disallow or withhold the visa here. *See OC Modeling, LLC v. Pompeo*, Civ. A. No. 20-1687, 2020 WL 7263278, at *3 (C.D. Cal. Oct. 7, 2020) ("Here, the consular office has refused [the noncitizen's] temporary work nonimmigrant visa application under INA § 221(g), 8 U.S.C. § 1201(g). Because the consular office has already rendered a decision on Plaintiff's visa applications, this Court lacks authority to review the decision under the doctrine of consular nonreviewability."); *see* S. Rep. No. 81-1515 at 612 (1950) ("The authority of the consular officers under the law is *plenary*. There is no official or judicial review of their action and issuance of a visa is entirely in their discretion.") (emphasis added).

Ultimately, Plaintiffs seek an order for a consular officer to issue another decision on the applications. That is, Plaintiffs do not seek to compel the Department to prematurely halt or conclude any ongoing administrative processes that might produce information sufficient to establish the applicant's eligibility for the requested visa. Instead, Plaintiffs ask the Court to compel the Department to revisit the ultimate question on the existing record, which a consular officer already had found to be inadequate to support the applicants' eligibility for visas. Nothing in *Baan Rao* cabins the consular non-reviewability doctrine in a manner that would permit a court to compel a consular official to repeatedly re-adjudicate ad infinitum a request that already has been refused.

## C.  Plaintiffs' Mandamus Claims Fail On the Merits.

When a plaintiff seeks a writ of mandamus to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), a court "starts from the premise that issuance of the writ is an extraordinary remedy, reserved only for the most transparent violations of a clear duty to act." *In re Bluewater Network*, 234 F.3d 1305, 1315 (D.C. Cir. 2000).  "The central question in evaluating 'a claim of unreasonable delay' is 'whether the agency's delay is so egregious as to warrant mandamus.'"  *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *Telecom. Research & Action Ctr. v. FCC* ("*TRAC*"), 750 F.2d 70, 79 (D.C. Cir. 1984)).  Courts in this Circuit apply a six-factor test to determine whether agency action has been unreasonably delayed:

(1)    the time agencies take to make decisions must be governed by a rule of reason;

(2)    where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3)    delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4)      the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5)      the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6)      the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is "unreasonably delayed."

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (citations and quotation marks omitted).  Applying these factors here makes clear that Plaintiffs' claims fail.

       1.     *TRAC* Factors 1 and 2

The first and second *TRAC* factors weigh in Defendants' favor.  *See Dastagir v. Blinken,* 557 F. Supp. 3d 160, 165-67 (D.D.C. 2021); *Mohammad v. Blinken,* 548 F. Supp. 3d 159, 166 (D.D.C. 2021);  *Liu v. Blinken*, 544 F. Supp. 3d 1, 11-12 (D.D.C. 2021); *Shen v. Pompeo,* Civ. A. No. 20-1263 (ABJ), 2021 WL 1246025, at *8 (D.D.C. Mar. 24, 2021); *Milligan v. Pompeo*, 502 F. Supp. 3d 302, 318-19 (D.D.C. 2020).  These factors ask whether the length of time for the agency to act is governed by a "rule of reason" as informed by any specific timetable established by Congress.  *Id.*  There is no statutory or regulatory timeframe within which the State Department or a consular officer must adjudicate or re-adjudicate visa applications.  "To the contrary, Congress has given the agencies wide discretion in the area of immigration processing."  *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153-54 (D.D.C. 2017) (Leon, J.) (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention").  Because Congress has established no firm timetable for consular officials to adjudicate or re-adjudicate the visa applications at issue here, the Court must determine whether the applications have been pending for an unreasonable amount of time as established by case law.  *See Sarlak v. Pompeo*, Civ. A. No. 20-0035 (BAH), 2020 WL 3082018, at *6 (D.D.C. June 10, 2020) ("Absent a congressionally

supplied yardstick, courts typically turn to case law as a guide" to determine whether a delay is reasonable.).

Here, the Plaintiffs can find no support for their claims of unreasonable delay. To start, many of the Plaintiffs cannot even claim that they have suffered any agency delay at all because they themselves have not taken the steps necessary to enable State Department to act. The A. Davila Rivero Family, for example, was scheduled to appear for an interview and execute an immigrant visa application, but never showed up. *See* Peterman Decl. ¶ 38. Personal appearance at an interview is required for the applicant to execute a visa application and for the consular official to determine the applicant's eligibility to receive a visa. *See* 22 C.F.R. § 42.62. It is only then that a consular officer could have either Issued or refused to issue the requested visas. *See* 22 C.F.R. § 42.81; 9 FAM 504.1-3(f)-(g). And while State Department gave the A. Davila Rivero Family instructions about how they might reschedule their interview, they never responded. *See* Peterman Decl. ¶ 39. State Department also warned the family in July 2021 that the registration risked termination for failure to make a timely application. *Id.* ¶ 40. A year then passed and yet there was still no response from the A. Davila Rivero Family. *Id.* ¶¶ 40-41. As a result, their registration was terminated, *id.* ¶ 41, and their immigrant petition automatically revoked, *see* 8 C.F.R. § 205.1(a). As such, there is not now—nor has there ever been—a delay of any discrete agency action that Defendants were required to take. Rather, their requests for visas died on the vine because they failed to take action. Because Plaintiffs can identify no discrete agency action that Defendants were required to take under these circumstances, their claim must fail. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (holding that mandamus claim can only be maintained when there is a delay of "a discrete agency action that it is required to take").

Likewise, the E. Davila Rivero family never even completed the steps necessary to become documentarily qualified.[6]  Peterman Decl. ¶ 9.  As such, they cannot even be scheduled for an interview to submit an immigrant visa application, *see* 9 FAM 504.1-2(b), let alone have one adjudicated.  *Cf. Eljalabi v. Blinken*, Civ. A. No. 21-1730 (RC), 2022 WL 2752613, at *5 (D.D.C. July 14, 2022) (analyzing length of government delay from date that plaintiff became documentarily qualified).  Because the E. Davila Rivero Family can identify no authority that State Department was "required" to take any discrete action under these circumstances, their claims also fail.  *S. Utah Wilderness All.*, 542 U.S. at 63 ("[T]he only agency action that can be compelled under the APA is action legally required."); *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1241 (D.C. Cir. 2018) ("The legal duty must be 'ministerial or nondiscretionary' and must amount to 'a specific, unequivocal command.'").

The circumstances underlying the claim for Plaintiff Bichinho similarly demonstrates that it is State Department that is awaiting action from the applicant.  Indeed, Plaintiff Bichinho had her immigration petition reaffirmed by USCIS in March 2022 and can now reapply for an immigrant visa, yet she has not done so.  Peterman Decl. ¶ 14.  Having failed to reapply for an immigrant visa, she can hardly blame State Department for "unreasonable delay" in adjudicating such an application.  Indeed, there is no action that Plaintiff Bichinho can claim State Department was required to take, but has failed to do so.

Lastly, as noted above, the Leonardo Family and Ms. Karamova already had their applications adjudicated and refused in December 2019 and January 2020, respectively.  *See*

---

[6]      A case is not documentarily complete until (1) all required fees have been paid; (2) a form DS-260, Online Application for Immigrant Visa and Alien Registration, for each traveling applicant has been completed; (3) the necessary policy certificates have been submitted, and (4) if applicable, a properly completed Form I-864, Affidavit of Support Under Section 213A of the Act, and supporting documents have been submitted.  *See* 9 FAM 504.1-2(b)(2).

Peterman Decl. ¶¶ 18, 27.  While it is possible that a consular officer might revisit these decisions in the future upon receipt of documents or information that might allow the applicants to overcome the prior refusal, even if one could claim a "delay" in doing so, the timing here simply would not support the notion that any such delay was unreasonable.  Indeed, courts in this District and elsewhere have routinely concluded that delays for immigration benefits such as these do not constitute unreasonable delay.  *See  Arab v. Blinken,* Civ. A. No. 21-1852 (BAH), 2022 WL 1184551, at *8 (D.D.C. Apr. 21, 2022) (ruling that a thirty-month delay was not unreasonable); *Zaman v. U.S. De''t of Homeland Sec.*, Civ. A. No. 19-3592 (ABJ), 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (finding that a delay  of forty-two months was "insufficient to warrant emergency relief in this district"); *Pourshakouri v. Pompeo*, Civ. A. No. 20-0402, 2021 WL 3552199, at *8–9 (D.D.C. Aug. 11, 2021) (finding delay of forty-four months not unreasonable); *Skalka*, 246 F. Supp. 3d at 153-54 (citing case law that even a five- to ten-year delay in the immigration context may be reasonable); *Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) (finding a three-year delay in adjudicating an asylum application to not be unreasonable under the APA); *Yavari v. Pompeo*, Civ. A. No. 19-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable.").

In view of the foregoing, *TRAC* Factors 1 and 2 plainly favor Defendants

      2.    <u>*TRAC* Factor 4</u>

The fourth *TRAC* factor—the effect of granting relief on the agency's competing priorities—carries significant weight, *see Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003), and weighs heavily in Defendants' favor as Plaintiffs ask this Court to move their applications ahead of other pending applications, *see* Am. Compl., Prayer for Relief.  Indeed, "[r]elief that would simply 'reorder' a queue of applicants seeking adjudication

is generally viewed as inappropriate when 'no net gain' in such adjudications is achieved." *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (quoting *Sarlak*, 2020 WL 3082018, at *6).

Under this Circuit's precedent, a court will not compel agency action where the result would be merely to expedite the consideration of a plaintiff's application ahead of others. *See Liberty Fund v. Chao*, 394 F. Supp. 2d 105, 117 (D.D.C. 2005) (Bates, J.) (courts will not compel agency action where result "would mean putting [plaintiff] at the head of the queue at the expense of others"); *Mashpee Wampanoag*, 336 F.3d at 1101 ("We agree with the Secretary that the district court erred by disregarding the importance of there being 'competing priorities' for limited resources. The district court offered no legal justification for precluding the Secretary from relying upon her 'first-come' procedure, and we can conjure none."); *In re Barr Labs.*, 930 F.2d 72, 76 (D.C. Cir. 1991) ("The agency is in a unique—and authoritative—position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way."); *Sarlak*, 2020 WL 3082018, at *6 (finding that the fourth factor weighed in the government's favor because expediting the plaintiff's waiver would harm other agency activities of equal or greater priority); *Ghadami v. Dep't of Homeland Sec.*, Civ. A. No. 19-0397 (ABJ), 2020 WL 1308376, at *9 (D.D.C. Mar. 19, 2020) (finding that "expediting review in [plaintiff's] case would merely direct government resources from the adjudication of other waiver applications"); *Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020) ("The effect of leapfrogging Plaintiff's application to the front of the line would do nothing to cure the deficiencies of the asylum application process; it would only harm other applicants, who are equally deserving of prompt adjudication."). Mandamus relief is inappropriate in this context. *See Liberty Fund*, 394 F. Supp. 2d at 117; *see also Gong v. Duke*, 282 F. Supp. 3d 566, 569 (E.D.N.Y. 2017) ("There are many other applicants who have waited even longer than plaintiff; to grant him priority is to push them further back in

line when the only difference between them is that plaintiff has brought a federal lawsuit. That factor should not give him any advantage."); *Varol v. Radel*, 420 F. Supp. 3d 1089, 1098 (S.D. Cal. 2019) ("[G]ranting relief to the Plaintiff simply moves her to the front of the line at the expense of all other applicants who may not have filed an application for mandamus relief.").

To be sure, Plaintiffs may argue that this case presents the adjudication or re-adjudication of only a handful of applications, which would not fundamentally recalibrate the Department's processing priorities if the Court were to grant Plaintiffs' requested relief. But the Court should not struggle to cast this argument aside. As another court in this District explained when rejecting a similar argument, this *TRAC* factor nonetheless favors the Government because "[w]hile the effect of an individual case would be minimal, the accumulation of such individual cases being pushed by judicial fiat to the front of the line would erode the ability of agencies to determine their priorities." *Tate*, 513 F. Supp. 3d at 150. Thus, "[t]his factor heavily favors defendants' position." *Id.*; *see also Dastagir*, 2021 WL 2894645, at *5-6; *Mohammad*, 2021 WL 2866058, at *5-6; *Liu*, 2021 WL 2514692, at *7; *Shen*, 2021 WL 1246025, at *9; *Milligan*, 502 F. Supp. 3d at 319.

### 3.     *TRAC* Factors 3 and 5

"The third and fifth [*TRAC*] factors overlap—the impact on human health and welfare and economic harm, and the nature and extent of the interests prejudiced by the delay." *Liberty Fund*, 394 F. Supp. 2d at 118. These factors also weigh in Defendants' favor. Here, Defendants understand that Plaintiffs allege that the purported delays have impacted their lives. *See generally* Am. Compl. Even so, advancing the applications here would simply benefit Plaintiffs to the detriment of other noncitizens, who may have experienced the same or worse impacts from a delay. Indeed, expediting review in this case over the applications of other noncitizens would direct resources away from the adjudications that the State Department has identified as more urgent, requiring this Court to overrule the State Department's prioritization decisions and place Plaintiff

at the front of the line.  *See Barr Labs*, 930 F.2d at 75-76 (observing that "a judicial order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain[,]" and that agencies are in the best position to allocate their own resources); *Skalka*, 246 F. Supp. 3d at 154 (noting that courts step outside of their "limited role" where they require "agencies to invest the high degree of resources that would be necessary to accurately investigate plaintiffs' visa petitions," because such a requirement "would presumably delay other adjudications" and make others "suffer in response").

### 4.      *TRAC* Factor 6

The sixth and final *TRAC* factor provides that "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80.  In the Amended Complaint, Plaintiffs do not allege bad faith on the part of the State Department.  *See generally* Am. Compl.  Thus, this factor does not favor Plaintiffs.

## II.  The Court Should Dismiss Counts III and IV for Failure to State A Plausible Claim to Relief.

In addition to the mandamus challenges, the A. Davila Rivero Family and the Leonardo Family[7] also bring challenges based on how the Secretary of State terminates registrations and DHS's consequential revocation of any previously approved immigration petition.

Under 8 U.S.C. § 1153(g), the Secretary of State has the authority to estimate the number of anticipated visas and is required to "terminate the registration of any [non-citizen] who fails to

---

[7]      For the Leonardo Family, these claims should be dismissed for lack of standing because the immigration case concerning the Leonardo Family was not terminated under INA section 203(g).  Peterman Decl. ¶ 28.  Having not suffered any injury in fact, they lack standing to assert challenges to the statutory and regulatory regime concerning the termination of registrations.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explain that "the irreducible constitutional minimum of standing contains three elements," including "injury in fact," meaning "an invasion of a legally protected interest which is (a) concrete and particularized . . . [and] (b) actual or imminent, not 'conjectural' or 'hypothetical'" (cleaned up)).

apply for an immigrant visa within one year following notification to the [non-citizen] of the availability of such visa." 8 U.S.C. § 1153(g); *see also* 9 FAM 501.1-4(B). A non-citizen is deemed "registered" for purposes of § 1153(g) when he or she files an application for immigrant visa (Form DS-230 or Form DS-260), or when the State Department notifies the non-citizen "of the availability of an immigrant visa, whichever occurs first." 8 C.F.R. § 42.67; *Park v. Gonzales*, 450 F. Supp. 2d 1153, 1157 (D. Or. 2006); *Richardson v. Kerry*, Civ. A. No. 14-0742, 2014 WL 4385995, at *3 (S.D. Tex. Sept. 4, 2014); *see also* 8 C.F.R. § 42.83 ("[A non-citizen's] registration for an immigrant visa shall be terminated if, within one year after transmission of a notification of the availability of an immigrant visa, the applicant fails to apply for an immigrant visa."). "If the Secretary of State terminates an [non-citizen]'s registration, [the immigration petition] filed on her behalf is automatically revoked." *Richardson*, 2014 WL 4385995, at *3 (citing 8 C.F.R. § 205.1(a)(1), and *Park*, 450 F. Supp. 2d at 1157).

### A.  Count III is Without Merit Because A Subdelegation to a Subordinate Officer Is Not Improper.

First, Plaintiffs claim that the terminations of their registrations were unlawful because they believe, based upon "information and belief," that it was affected by "an employee or agent of the Department of State other than the Secretary of State." *See* Am. Compl. ¶¶ 20, 24, 54. In their view, 8 U.S.C. § 1153(g) "authorizes only the Secretary of State to terminate the registration of any noncitizen who fails to [timely] apply for an immigrant visa[.]" *Id.* ¶ 53. Plaintiffs fundamentally misunderstand the law.

"When a statute delegates authority to a federal officer or agency, subdelegation to a subordinate federal officer or agency is presumptively permissible absent affirmative evidence of a contrary congressional intent." *U.S. Telecom Ass'n v. F.C.C.*, 359 F.3d 554, 565 (D.C. Cir. 2004) (collecting cases); *see also United States v. Giordano*, 416 U.S. 505, 514 (1974) (describing as

"unexceptionable" the "general proposition" that an agency head may delegate authority to a subordinate of her choosing); *Fleming v. Mohawk Wrecking & Lumber Co.*, 331 U.S. 111, 122 (1947).  This is sensible because "[w]hen an agency delegates authority to its subordinate, responsibility—and thus accountability—clearly remain with the federal agency."  *U.S. Telecom Ass'n*, 359 F.3d at 565.  "If Congress wants to make clear that a function or duty is exclusive [to a particular official], it may do so through clear statutory mandates."  *Stand Up for California! v. United States Dep't of the Interior*, 994 F.3d 616, 622 (D.C. Cir. 2021).

Here, § 1153(g) provides that "[t]he Secretary of State shall terminate the registration of any [non-citizen] who fails to apply for an immigrant visa within one year following notification to the [non-citizen] of the availability of such visa."  But it does not say that *only* the Secretary of State may take this action, nor does it otherwise forbid the delegation of this responsibility.  *See* 8 U.S.C. § 1153(g).  Nor does the text, when "fairly read" in light of the statutory purpose, evince a congressional desire to render this function non-delegable.  *See Giordano*, 416 U.S. at 514.  Indeed, the statute merely instructs the Secretary of State that he "*shall* terminate" registrations when immigrant visas are not timely filed.  *See* 8 U.S.C. § 1153(g) (emphasis added).  It provides the Secretary no discretion in the matter and, therefore, whether the termination is personally affected by the Secretary or his subordinate makes no difference because Congress intended for that particular result.  Plaintiffs can point to no other indicia suggesting that Congress wanted the power to terminate registrations under these circumstances to be limited only to the Secretary.  Thus, even accepting Plaintiffs' allegations as true, a bare allegation that someone other than the Secretary of State himself was responsible for terminating the Plaintiffs' registrations does not state a plausible claim for relief.  This Court should therefore dismiss Count III of the Amended Complaint.

**B. Count IV Fails Because 8 C.F.R. § 205.1(a) Does Not Affect Any Improper Delegation of Authority.**

Plaintiffs next challenge the propriety of 8 C.F.R. § 205.1(a), which automatically revokes immigrant visa petitions when a beneficiary's registration has been terminated. They argue that, because Congress vested discretion to revoke immigrant petitions in the Secretary of Homeland Security, it is improper for the Secretary to Homeland Security to look to the Secretary of State and whether he has terminated the beneficiary's registration. *See* Am. Compl. ¶¶ 21, 25, 56-61. They claim that this amounts to an impermissible subdelegation of authority. Plaintiffs are mistaken.

To be sure, Congress vested authority to revoke immigrant visa petitions in the Secretary of Homeland Security. 8 U.S.C. § 1155 provides that he "may at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved under [8 U.S.C. § 1154]." 8 U.S.C. § 1155. But contrary to Plaintiffs' contentions, 8 C.F.R. § 205.1(a) does not constitute an unlawful subdelegation of authority to the Secretary of State.

An unlawful subdelegation of decision-making authority occurs when discretionary authority or responsibility vested in one entity or official is transferred to a non-subordinate in the absence of some form of congressional approval. *See U.S. Telecom Ass'n*, 359 F.3d at 565, 567 (distinguishing between "subdelegation of decision-making authority" and "legitimate outside party input into agency decision-making processes"). 8 C.F.R. § 205.1(a), however, does not transfer any authority to anyone. It provides that "[t]he approval of a petition or self-petition made under [8 U.S.C. 1154] . . . is revoked" in various situations, including "[i]f the Secretary of State shall terminate the registration of the beneficiary pursuant to the provisions of . . . [8 U.S.C. 1153(g)[.]" 8 C.F.R. § 205.1(a)(1). Far from being a subdelegation of decision-making authority, § 205.1(a)(1) merely provides the *reason* for which the Secretary of Homeland Security exercises

his own discretionary authority to revoke an immigrant visa petition.  That reason being when a registration is terminated for failure to timely apply for a visa.  As noted above, the termination of a registration is an action for which the Secretary of State wields no discretion—it is an action mandated by Congress and 8 U.S.C. § 1153(g).  As such, the termination of a registration is more akin to an event than any exercise of discretion or decision-making authority.  Said differently, the Department of Homeland Security, through 8 C.F.R. § 205.1(a)(1), merely conditions the continued approval of an immigrant visa petition on the non-citizen's timely submittal of an application for an immigrant visa.  This is plainly permissible under the broad revocation authority provided by 8 U.S.C. § 1155 to revoke a petition for anything "he deems to be good and sufficient cause." [8]

Even if one could characterize the termination of a registration to be a "decision" by the Secretary of State, however, the Secretary of Homeland Security is permitted to condition his former approval on that "decision."  As the D.C. Circuit explained:

> a federal agency entrusted with broad discretion to permit or forbid certain activities may condition its grant of permission on the decision of another entity, such as a state, local, or tribal government, so long as there is a reasonable connection between the outside entity's decision and the federal agency's determination. Thus in *United States v. Matherson*, 367 F. Supp. 779, 782–83 (E.D.N.Y.1973), *aff'd* 493 F.2d 1339 (2d Cir.1974), the court upheld the decision of the Fire Island National Seashore Superintendent to condition issuance of federal seashore motor vehicle permits on the applicant's acquisition of an analogous permit from an adjacent town. And *Southern Pacific*, 700 F.2d at 556, citing *Matherson*, sustained the Secretary of Interior's conditioning of right-of-way permits across tribal lands on the tribal government's approval.

---

[8]    To the extent the Plaintiffs seek to challenge the specific basis for the revocation of any petition, such a challenge is barred.  *See iTech U.S., Inc. v. Renaud*, 5 F.4th 59, (D.C. Cir. 2021) (holding that "the decision to revoke an I-140 immigrant visa petition under section 1155" is unreviewable by virtue of 8 U.S.C. § 1252's jurisdictional bar); *Kondapally v. USCIS* , 557 F. Supp. 3d 10, 22 (D.D.C. 2021) (applying *iTech* and concluding that court lacked jurisdiction to hear challenge to revocation of immigrant visa petition).

*U.S. Telecom Ass'n*, 359 F.3d at 567.  Here, the Secretary of State and the Secretary of Homeland Security share responsibility for the application of the nation's immigration laws.  Whether a visa applicant has timely applied for an immigrant visa is obviously a relevant concern that the Secretary of Homeland security is permitted to adopt as an element of his own decision process.  Thus, conditioning his continued approval of immigrant visas on whether the applicant's registration has been terminated for failure to make a timely application does not run afoul of any principles of non-delegability.  *See id.*

### III.   <u>To the Extent That Any Claims Survive, All Remaining Claims Should Be Severed.</u>

To the extent that any claims survive Defendants' motion, the Court should sever Plaintiffs' individual claims, each of which turns on their own unique facts and circumstances.  As explained above, this is a mandamus action brought by 23 individual Plaintiffs who seek to compel the adjudication of various immigrant visa applications that they allegedly submitted to five U.S. Embassies or Consulates around the world between March 6 and October 29, 2019.  Each of the applications and each of the Plaintiffs present their own unique circumstances and therefore Plaintiffs' claims are not properly joined together in a single action and should be severed.

Federal Rule of Civil Procedure 21 provides the Court with broad discretion to "sever any claim against a party." Fed. R. Civ. P. 21; *see also M.M.M. on behalf of J.M.A. v. Sessions*, 319 F. Supp. 3d 290, 294 (D.D.C. 2018); *Hispanic Affairs Project v. Perez*, 206 F. Supp. 3d 348, 373 (D.D.C. 2016); *Spaeth v. Mich. St. Univ. Coll. of Law*, 845 F. Supp. 2d 48, 55 n.11 (D.D.C. 2012); 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1689 (3d ed.) ("Even when venue is proper as to all defendants, the court may sever a claim against a party and transfer it to a more convenient forum . . . ."). If a claim is severed, the severed claim will proceed as a separate and independent cause of action and will result in a separate judgment. *M.M.M.*, 319 F. Supp. 3d at 294; *Pinson v. U.S. Dep't of Justice*, 74 F. Supp. 3d 283,

288 n.7 (D.D.C. 2014); *see also Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1013 (7th Cir. 2000)

("Under Rule 21 . . . severance creates two separate actions where previously there was but one.").

"In determining whether to join or sever claims, courts employ the permissive joinder requirements articulated in Rule 20(a), which permits claims to be joined if: 1) the claims arise from the same transaction or occurrence, or series of transactions or occurrences; and 2) any question of law or fact common to all plaintiffs arose in the action." *Pinson*, 74 F. Supp. 3d at 288 (citing Fed. R. Civ. P. 20(a)). "The determination of a motion to sever is within the discretion of the trial court." *M.K. v. Tenet*, 216 F.R.D. 133, 137 (D.D.C. 2002) (citation omitted). Under Rule 20(a), to satisfy the "same transaction or occurrence" prong of Rule 20(a), the claims must be logically related. *See Davidson v. District of Columbia*, 736 F. Supp. 2d 115, 119 (D.D.C.2010) ("'[A]ll 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence.'"). "The movant, however, cannot join parties 'who simply engaged in similar types of behavior . . . [but are] otherwise unrelated; some allegation of concerted action . . . is required.'" *Pinson*, 74 F. Supp. 3d at 289 (quoting *Spaeth*, 845 F. Supp. 2d at 53). The other prong of Rule 20(a) requires that "some common question of law or fact as to all of the plaintiffs' claims, [but] not that all legal and factual issues be common to all the plaintiffs." *Disparte v. Corp. Exec. Bd.*, 223 F.R.D. 7, 10–11 (D.D.C. 2004) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974)).

Here, the Plaintiffs do not satisfy these requirements. Each of the 23 individual plaintiffs claims that different "consular officers at various U.S. embassies or consulate generals" have unreasonably delayed the adjudication of his or her immigrant visa application. *See* Am. Compl. ¶¶ 4-25. But the similarities end there. The plaintiffs filed their applications on different dates, and therefore their applications have been pending for different periods of time. And many of the

applications sit in different postures—whether the visas have already been issued, refused, registrations terminated, or whether the case still remains at the NVC.  Also, Plaintiffs' applications are, were, or will be handled at five different embassies or consulates around the world, each of which presents its own unique circumstances.  And some of the *TRAC* factors necessary to evaluate Plaintiffs' claims turn on circumstances that are unique to each of them—namely, the third and fifth factors, which concern any delay's "impact on human health and welfare and economic harm, and the nature and extent of the interests prejudiced by the delay."  *Liberty Fund*, 394 F. Supp. 2d at 118.  For these reasons, Plaintiffs' claims are not logically related, present different factual circumstances, and should be severed under Rule 21.

<p style="text-align:center">*     *     *</p>

## <u>CONCLUSION</u>

For all of the foregoing reasons, this Court should grant Defendants' motion and either dismiss Plaintiffs' claims or grant Defendants summary judgment.  Alternatively, to the extent that any claims survive this motion, each individual Plaintiff's remaining claims should be severed.  A proposed order is enclosed herewith.


Dated: February 10, 2023                          Respectfully submitted,

                                                  MATTHEW M. GRAVES
                                                  D.C. Bar #481052
                                                  United States Attorney

                                                  BRIAN P. HUDAK
                                                  Chief, Civil Division


                                                  By: _____/s/ *Derek S. Hammond*_____
                                                      DEREK S. HAMMOND,
                                                      D.C. BAR No. 1017784
                                                      Assistant United States Attorney
                                                      601 D Street, NW
                                                      Washington, DC 20530
                                                      (202) 252-2511

                                                  *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

_____

KATHERINE DANIELA PACHECO
QUIROS, *et al.*

        Plaintiffs,

    v.                               Civil Action No. 21-cv-2433

MOLLY AMADOR, *et al.*,

        Defendants.

_____

## **DECLARATION OF CHLOE PETERMAN**

1.  I am employed by the U.S. Department of State as an Attorney Adviser in the Office of Legal Affairs for the Bureau of Consular Affairs. In that capacity, I am authorized to search the electronic Consular Consolidated Database ("CCD") of the U.S. Department of State, Bureau of Consular Affairs, for records of immigrant and nonimmigrant cases and visa applications.

2.  The CCD contains electronic data recording cases, visa applications, and visas issued and refused, at U.S. diplomatic and consular posts worldwide.

Katherine Daniela PACHECO QUIROS

3.  The CCD reflects that Southeastern Janitorial of SC LLC filed a Form I-140, Petition for Alien Worker, with the Department of Homeland Security, United States Citizenship and Immigration Services ("USCIS") on behalf Katherine Daniela Pacheco Quiros.

4.  The CCD reflects that the Department of State's National Visa Center ("the NVC") was notified that the I-140 was approved and a case created on March 5, 2019.  Ms. Pacheco Quiros' case was assigned number SNJ2019564002.

JA-081

5. The CCD reflects that on April 12, 2019, Ms. Pacheco Quiros' case became documentarily qualified for Ms. Pacheco Quiros to be scheduled to make an immigrant visa application at an interview.

6. On September 7, 2022, Ms. Pacheco Quiros applied for an immigrant visa before a consular officer at the U.S. Embassy in San Jose, Costa Rica. Ms. Pacheco Quiros was found eligible and issued an immigrant visa.

Edgar Jose DAVILA RIVERO

7. The CCD reflects that Southeastern Janitorial of SC LLC filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Edgar Jose Davila Rivero. Mr. Davila Rivero's case includes a derivative spouse, Suheil Dajennic Cartaya Villanueva, and two derivative children Doriana Paola and Edgar Davis.

8. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on April 13, 2019. Mr. Davila Rivero's case was assigned number CRS2019600002.

9. The CCD reflects that on April 12, 2019, Mr. Davila Rivero has not yet completed the steps for his case to become documentarily qualified for him to be scheduled to make an immigrant visa application at interview.

Giovana TABAJARA BICHINHO

10. The CCD reflects that Dycos Services, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Giovana Tabajara Bichinho.

11. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on April 13, 2019. Ms. Tabajara Bichinho's case was assigned number RDJ2019601006.

12. The CCD reflects that on July 16, 2019 Ms. Tabajara Bichinho' case became documentarily qualified for Ms. Tabajara Bichinho to be scheduled to make an immigrant visa application at interview.

2

13. The CCD reflects that on December 11, 2019, Ms. Tabajara Bichinho appeared for an interview at the U.S. Consulate General in Rio de Janeiro, Brazil and applied for an immigrant visa.  The consular officer refused the visa application under section 221(g) of the Immigration and Nationality Act ("INA") and returned the I-140 to USCIS for review and possible revocation.

14. The CCD reflects that on March 23, 2022, the consular section at the U.S. Consulate General in Rio de Janeiro received the I-140 petition filed on behalf of Ms. Tabajara Bichinho reaffirmed by USCIS.  Ms. Tabajara Bichinho is therefore free to reapply for an immigrant visa but she has not yet done so.

Gulshan KARIMOVA

15. The CCD reflects that JKS & K, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Gulshan KARIMOVA.

16. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on October 2, 2019.   Ms. Karimova's case was assigned number TBL2019774003.

17. The CCD reflects that on October 31, 2019, Ms. Karimova's case became documentarily qualified for Ms. Karimova to be scheduled to make an immigrant visa application at interview.

18. The CCD reflects that on January 22, 2020, Ms. Karimova appeared for an interview at the U.S. Embassy in Tbilisi, Georgia and applied for an immigrant visa.  The consular officer refused the visa application under INA section 221(g).

Guilherme MARQUES CAMPOY

19. The CCD reflects that JKS & K, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Guilherme Marques Campoy. Mr. Marques Campoy's case includes a derivative spouse, Patricia Nogueira Plentz Palandi, and a derivative child, Pietra.

3

20. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on October 29, 2019.   Mr. Marques Campoy's case was assigned number RDJ2019801001.

21. The CCD reflects that on October 31, 2019, Mr. Marques Campoy's case became documentarily qualified for Mr. Marques Campoy to be scheduled to make an immigrant visa application at interview.

22. The CCD reflects that on November 19, 2021, Mr. Marques Campoy and his family appeared for an interview at the U.S. Consulate General in Rio de Janeiro, Brazil and applied for immigrant visas. The consular officer refused the visa applications under INA section 221(g).

23. The CCD reflects that on February 25, 2022, Mr. Marques Campoy and his family were found eligible and issued immigrant visas.

Joya Ovalle RAFAEL LEONARDO

24. The CCD reflects that Dycos Services, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Joya Ovalle Rafael Leonardo.  Mr. Rafael Leonardo's case includes a derivative spouse, Karen Margarita Sierra Sanchez, and derivative children, Thomas and Briana.

25. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on July 1, 2019. Mr. Rafael Leonardo's case was assigned number BGT2019678018.

26. The CCD reflects that on October 2, 2019, Mr. Rafael Leonardo's case became documentarily qualified for Mr. Rafael Leonardo to be scheduled to make an immigrant visa application at interview.

27. The CCD reflects that on December 2, 2019, Mr. Rafael Leonardo appeared for an interview at the U.S. Embassy in Bogota, Colombia and applied for an immigrant visa.  The consular officer refused the visa application under INA section 221(g).

28. The CCD has no record that case assigned number BGT2019678018 has been terminated under INA section 203(g).

Manuel Francisco BASSANINI RAMIREZ

29. The CCD reflects that Sej Services, LLC. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Manuel Francisco Bassanini. Mr. Bassanini Ramirez's case includes a derivative spouse, Erika Patricia Serrano Traverso.  Mr. Bassanini Ramirez's case does not include derivative visa applications by a Jose Manuel Bassanini Serrano or a Juan Xavier Bassanini Serrano.

30. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on March 29, 2019. Mr. Bassanini Ramirez's case was assigned number GYQ2019587004.

31. The CCD reflects that on June 21, 2019, Mr. Bassanini Ramirez's case became documentarily qualified for Mr. Bassanini Ramirez to be scheduled to make an immigrant visa application at interview.

32. The CCD reflects that on December 11, 2019, Mr. Bassanini Ramirez appeared for an interview at the U.S. Consulate General in Guayaquil, Ecuador and applied for an immigrant visa.  The consular officer refused the visa application under INA section 221(g) of the and returned the I-140 to USCIS for review and possible revocation.

33. The CCD reflects that on March 2, 2022, the consular section at the U.S. Consulate General in Guayaquil received the I-140 petition filed on behalf of Mr. Bassanini Ramirez reaffirmed.

34. The CCD reflects that on June 6, 2022, Mr. Bassanini Ramirez appeared for an interview at the U.S. Consulate General in Guayaquil, Ecuador and reapplied for an immigrant visa.  Mr. Bassanini Ramirez and his spouse were found eligible and issued immigrant visas.

Alvaro Jose DAVILA RIVERO

35. The CCD reflects that Dycos Services, Inc. filed a Form I-140, Petition for Alien Worker, with USCIS on behalf Alvaro Jose Davila Rivero.  Mr. Davila Rivero's case includes a derivative spouse, Mariela Carolina Sierra Franceschi, and derivative children, Nicole, Alvaro, and Emma.

36. The CCD reflects that the NVC was notified that the I-140 was approved and a case created on April 16, 2019. Mr. Davila Rivero's case was assigned number CRS2019602001.

37. The CCD reflects that on September 11, 2019, Mr. Davila Rivero's case became documentarily qualified for Mr. Davila Rivero to be scheduled to make an immigrant visa application at interview.

38. The CCD reflects that on November 6, 2019, Mr. Davila Rivero was scheduled to appeared for an interview at the U.S. Embassy in Bogota, Colombia and apply for an immigrant visa. Mr. Davila Rivero did not appear and therefore did not execute an immigrant visa application.

39. The CCD reflects that on February 21, 2020, counsel for Mr. Davila Rivero contacted the consular section at the U.S. Embassy in Bogota regarding Mr. Davila Rivero appearing at a later time to execute an immigrant visa application. The consular section responded on February 25, 2020 with instructions. The CCD reflects no response from Mr. Davila Rivero or his counsel.

40. The CCD reflects that on July 2, 2021, the consular section sent Mr. Davila Rivero a notice that his petition risked termination under INA section 203(g) because he had failed to apply for an immigrant visa for more than one year following notice of visa availability. The CCD reflects no response from Mr. Davila Rivero or his counsel.

41. The CCD reflects that on July 11, 2022, the consular section sent Mr. Davila Rivero a notice that his petition had to be terminated under INA section 203(g) because he failed to apply for an immigrant visa for more than one year following notice of visa available and had failed to show, in the year after that, that his failure to apply for an immigrant visa was for circumstances beyond his control.

<div align="center">*      *      *</div>

I declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

February 10, 2023

*Chloe Peterman*
_____
Chloe Peterman
Attorney Adviser
United States Department of State

7

                        EXHIBIT A

gulshan h-va <gulshanhva@gmail.com>

---

## Your ustraveldocs.com inquiry Case-2022- 11-29-018391420 Has Been Closed

**support@ustraveldocs.com** <support@ustraveldocs.com>                30 ноября 2022 г. в 06:05
Кому: "gulshanhva@gmail.com" <gulshanhva@gmail.com>

Your case has been updated, please log back into your account to view the details.

| | |
|---|---|
| Date/Time Case Opened: | 11/29/2022 12:50 PM |
| Description: | Dear Embassy Officer,<br>My interview was in January 2020, since then my case is under administrative processing and the reason is unknown, during this time I provided all requested forms and documents the embassy asked me to send.<br>The last time my attorney submitted a valid G-28 as you requested, also I got married and my husband's documents were sent to you to include him in the case.<br>It's been 2 yeast since my initial interview, could you please provide any updates on my case? Should I do medicals again or another interview will be scheduled?<br>Thank you for your cooperation in this matter.<br><br><br>*Best regards,*<br>*Gulshan Karimova.* |
| Origin: | Email |
| Case Reason: | Gulshan Karimova case number #TBL2019774003 |
| Public Response: | Dear Ms. Karimova:<br><br>Thank you for your email. We are writing in response to your inquiry to the Immigrant Visa Section concerning your immigrant visa case.<br><br>We reviewed our consular records and found that the case has been refused under INA section 221(g) and it is pending the completion of administrative processing in order to verify qualifications for this visa.<br><br>A decision on this case cannot be made until the Consular Section finishes its review. Visa applications are adjudicated in accordance with the provisions of the Immigration and Nationality Act (INA), and a visa may only be issued if all documentary requirements have been met, and the applicant is eligible under U.S. immigration law. While we cannot predict when the adjudication of the application will be completed, please be assured that we are aware of your concerns and will do all we can to see that the application is adjudicated as soon as the administrative processing has been completed.<br><br>We regret that our response cannot be more detailed at this point but we hope this information is helpful.<br><br>Best regards, |

JA-088

Consular Section
U.S. Embassy Tbilisi, Georgia
http://ge.usembassy.gov
www.travel.state.gov

JA-089

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KATHERINE DANIELA PACHECO
QUIROS, *et al.*,

        Plaintiffs,

    v.

MOLLY AMADOR, *et al.*,

        Defendants.

Civil Action No. 21-02433 (CKK)

**ORDER**
(July 6, 2023)

For the reasons set forth in the accompanying Memorandum Opinion, it is this 6th day of

July, 2023, hereby

    **ORDERED** that Defendants' [27] Motion to Dismiss is **GRANTED**; and it is further

    **ORDERED** that Plaintiff's [15] Amended Complaint is **DISMISSED** in its entirety; and

it is further

    **ORDERED** that Defendants' Motion in so far as they move for summary judgment and to

sever Plaintiffs' claims is **DENIED AS MOOT**.

    **SO ORDERED**.


Date: July 6, 2023

                        /s/
                        COLLEEN KOLLAR-KOTELLY
                        United States District Judge

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KATHERINE DANIELA PACHECO QUIROS, *et al.*,<br><br>        Plaintiffs,<br>    v.<br><br>MOLLY AMADOR, *et al.*,<br><br>        Defendants. | Civil Action No. 21-02433 (CKK) |

### MEMORANDUM OPINION
(July 6, 2023)

In this action, twenty-three Plaintiffs sought injunctive and mandamus relief ordering officials of the United States Department of State ("State Department"), the Secretary of the United States Department of Homeland Security ("DHS"), and the United States Department of Justice ("DOJ") to act on and grant their immigration visa applications and set aside various State Department policies and regulations.

Now pending before the Court is Defendants' [27] Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), in which they also move for summary judgment under Rule 56 and, in the alternative, to sever Plaintiffs' claims under Rule 21. Upon consideration of the briefing[1], the relevant authorities, and the record as a whole, the Court will **GRANT** Defendants' Motion and **DISMISS** Plaintiffs' [15] Amended Complaint in its entirety. As Plaintiffs consent to their dismissal, the Court shall dismiss Counts II, III, and IV, and Count I as to all Plaintiffs but Gulshan Karimova and the A. Davila Rivero Family. The

---

[1] The Court's consideration has focused on Defendants' Motion to Dismiss (Defs.' Mot. to Dismiss), ECF No. 27; Plaintiff's Memorandum In Opposition to Defendants' Motion to Dismiss ("Pls.' Opp'n."), ECF No. 30; Defendants' Reply in Support of the Motion to Dismiss (Defs.' Reply), ECF No. 31; and Plaintiffs' Amended Complaint (Am. Compl.), ECF No. 15.

Court shall dismiss Count I of the Amended Complaint as to Gulshan Karimova and the A. Davila Rivero Family on the merits.  The Court will **DENY AS MOOT** Defendants' Motion in so far as Defendants move for summary judgment and to sever Plaintiffs' claims.

## I.   BACKGROUND

### A.  Procedural History

Plaintiffs initiated this lawsuit in September 2019 and filed an Amended Complaint on December 18, 2021.  Through this action, Plaintiffs seek to compel the Government to decide their various requests for immigrant visas.  *See generally* Am. Compl.

Defendants filed the pending Motion to Dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and also moved for summary judgment. Defs.' Mot. at 1.  They also moved, in the alternative, to sever Plaintiffs' claims under Federal Rule of Civil Procedure 21.  *Id.*

This Motion is now fully briefed and ripe for the Court's review.  In their opposition, Plaintiffs write that they "agree that Counts II, III and IV of the First Amended Complaint are moot" and that Count I is moot as to all Plaintiffs other than Gulshan Karimova and the A. Davila Rivero Family.  Pls.' Opp'n at 5. Accordingly, as the Court will grant Defendants' Motion to Dismiss as to those claims, with Plaintiffs' consent, the Court addresses below only the procedural history of the applications of Plaintiffs Gulshan Karimova and the A. Davila Rivero Family.

### B.  Visa Application of Plaintiff Karimova and A. Davila Rivero Family

A Form I-140, Petition for Alien Worker, on behalf of Plaintiff Gulshan Karimova was approved on October 2, 2019.  Defs.' Mot. at 4.  On January 22, 2020, Ms. Karimova appeared for an interview at the U.S. Embassy in Tbilisi, Georgia, and applied for an immigrant visa.  *Id.*  The consular officer refused her visa application under the Immigration and Nationality Act ("INA")

§ 221(g).  *Id.* at 10.  The Department of State's Consular Electronic Application Center Visa Status Check system for her application displays a message stating that "[a] U.S. consular officer has adjudicated and refused your visa application.… If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing. You will receive another adjudication once such processing is complete." *Id.* at 4–5.  Ms. Karimova then followed up with the officer on November 29, 2022, who replied confirming that her application "is pending the completing of administration processing in order to verify qualifications for this visa" and that "[a] decision on this cannot be made until the Consular Section finishes its review." Pls.' Opp'n Ex. A.

### C.  Visa Application of Plaintiff A. Davila Rivero Family

A Form I-140, Petition for Alien Worker, on behalf of Plaintiff Alvaro Jose Davila Rivero was approved on April 16, 2019.  Defs.' Mot. at 9.  This case includes a derivative spouse and derivative children (collectively, "A. Davila Rivero Family" or "Family").  *Id.*  On October 22, 2019, the U.S. Embassy in Colombia provided the Family's legal counsel "instructions for applying for an immigrant visa interview." Pls.' Opp'n at 16.  On November 6, 2019, Mr. Davila Rivero was scheduled to appeared for an interview at the U.S. Embassy in Bogota, Colombia and apply for an immigrant visa.  Defs.' Mot. at 9.  All parties agree that Mr. Davila Rivero did not appear and therefore did not execute an immigrant visa application.  *Id.*; Pls.' Opp'n Ex. 3 at 9; Defs.' Reply at 7.  Plaintiffs contend that between November 7, 2019 and February 19, 2020, the Family's counsel "continuously attempted to follow the instructions provided by the Embassy," as described above, "but [was] unable to schedule an immigrant visa interview by following those instructions." Pls.' Opp'n at 16.  On February 25, 2020, the Embassy sent instructions to pick a tentative date for a new interview, to which the Family's counsel responded with a date in March

2020.  Pls.' Opp'n at 16.  The Embassy responded notifying them that visa appointments were cancelled, *id.*, which was due to the COVID-19 pandemic, Defs.' Reply at 8.  Plaintiffs state that the Family's "counsel never received any further communication from the consulate regarding their visa applications," Pls.' Opp'n at 16, although Defendants state that they were issued a notice in July 2021 that their petition risked termination under INA § 203(g), Defs.' Reply at 8.  On July 11, 2022, the consular section sent Plaintiffs a notice that their petition was terminated under INA § 203(g) because they failed to apply for an immigrant visa for more than one year following notice of its availability and had failed to show, in the year after, that failure to apply for an immigrant visa was for circumstances beyond their control.  *Id.*

## II.   LEGAL STANDARD

### A.  Motion to Dismiss for Lack of Jurisdiction

On a Rule 12(b)(1) motion, the plaintiff "bears the burden of establishing jurisdiction by a preponderance of the evidence." *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 91–92 (D.D.C. 2020) (JDB); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In determining whether there is jurisdiction, the court may "'consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted) (quoting *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)). Courts must accept as true all factual allegations in the complaint and construe the complaint liberally, granting the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).

However, "the factual allegations in the complaint "will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of*

*Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (RMU). A court need not accept as true "'a legal conclusion couched as a factual allegation'" or an inference "'unsupported by the facts set out in the complaint.'" *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B. Motion to Dismiss for Failure to State a Claim

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006) (PLF).

When considering a Rule 12(b)(6) motion, courts may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)

(RBW); *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009)).  The court may also consider documents in the public record of which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

## III.    DISCUSSION

As discussed above, the Court will grant Defendants' Motion to Dismiss Counts II, III, and IV, and Count I as to all Plaintiffs but Gulshan Karimova and the A. Davila Rivero Family, as Plaintiffs consent to their dismissal.  *See* Pls.' Opp'n at 5.  For the reasons set forth below, the Court will also dismiss Count I as to Plaintiffs Karimova and A. Davila Rivero Family on the merits.

The Court finds that the doctrine of consular non-reviewability doctrine does not apply to Plaintiff Karimova, but that her claims nevertheless fail as she has not experienced an unreasonable delay within the meaning of the Administrative Procedure Act ("APA").  The Court therefore grants Defendants' Motion to Dismiss as to Plaintiff Karimova.

As for Plaintiff A. Davila Rivero Family, the Court finds that there is no agency action to be compelled because the Family's registration was terminated and, furthermore, there was no unreasonable delay.  Accordingly, the Court also grants Defendants' Motion to Dismiss as to Plaintiff A. Davila Rivero Family.

Finally, as the Court is granting Defendants' Motion to Dismiss in its entirety, the Court will deny as moot Defendant's motion in so far as they seek summary judgment, as well as their motion to sever in the alternative.

**A. Plaintiff Karimova**

    **i.   Doctrine of Consular Non-Reviewability**

Defendants argue that Plaintiff Karimova's claims fail under the doctrine of consular non-reviewability. This doctrine provides that "a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999). The doctrine of consular non-reviewability derives from "the political nature of visa determinations and… the lack of any statute expressly authorizing judicial review of consular officers' actions." *Id.* The scope of the doctrine also aligns with Congress's decision to commit the adjudication of visa applications exclusively to consular officers. *See* 8 U.S.C. §§ 1201(a) & (g); *see also* 8 U.S.C. § 1361.

For nearly a century, courts in this jurisdiction have applied the doctrine of consular non-reviewability and "refused to review visa decisions of consular officials." *Saavedra Bruno*, 197 F.3d at 1159–60 (collecting cases). The United States Court of Appeals for the District of Columbia Circuit recently reaffirmed that the doctrine of "[c]onsular non-reviewability shields a consular official's decision to issue or withhold a visa from judicial review." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021). However, courts of this jurisdiction have held that the doctrine does not apply where "plaintiffs 'do not seek judicial review of a consular decision, but instead seek a final decision on their applications.'" *Didban v. Pompeo,* 435 F. Supp. 3d 168, 174 (D.D.C. 2020) (CRC) (quoting *Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the United States v. Pompeo*, No. 18-CV-01388-TSC, 2019 WL 367841, at *10 (D.D.C. Jan. 30, 2019)). This includes where a visa application remains in administrative processing. *See, e.g.*, *id.* at 172, 174; *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98–99 (D.D.C. 2020) (ABJ) (refusing to apply the consular non-reviewability doctrine where the "visa application

remains in administrative processing" where the government actively seeks additional information from the applicant); *Nine Iraqi Allies*, 168 F. Supp. 3d at 290 (holding that the consular non-reviewability doctrine does not apply where the applicant's tracker status remains in administrative processing); *Al-Gharawy v. Dep't of Homeland Sec.*, Civ. A. No. 21-1521 (RDM), 2022 WL 2966333, at *11, *16 (D.D.C. July 27, 2022) (collecting cases and holding the same).

Here, the doctrine of consular non-reviewability does not preclude the Court from reviewing the adjudication of Ms. Karimova's visa application as it remains in administrative processing. After filing and having her Form I-140 approved, Ms. Karimova was interviewed at the U.S. Embassy in Tbilisi, Georgia and applied for an immigrant visa. Defs.' Mot. at 4. The consular officer refused her visa application under INA § 221(g); more specifically, the Department of State's Consular Electronic Application Center Visa Status Check system for her application displays a message stating that "[a] U.S. consular officer has adjudicated and refused your visa application.… If you were informed by the consular officer that your case was refused for administrative processing, your case will remain refused while undergoing such processing. You will receive another adjudication once such processing is complete." *Id.* at 4–5. Ms. Karimova then followed up with the officer, who replied confirming that her application "is pending the completing of administration processing in order to verify qualifications for this visa" and that "[a] decision on this cannot be made until the Consular Section finishes its review." Pls.' Opp'n Ex A. As in other cases where courts have deemed the consular non-reviewability doctrine to not apply, Ms. Karimova's application clearly remains in administrative processing per the express language of the consular officials. Defendants acknowledge case law from the United States District Court for the District of Columbia holding that the doctrine does not apply in such circumstances but argue that they "respectfully disagree with these holdings." Defs.' Mot. at 14–

15.  The Court finds that Defendants have not offered any persuasive authority or argument to come to that conclusion.  Accordingly, the Court holds that the consular non-reviewability doctrine does not bar judicial review of Ms. Karimova's claims.

### ii.  Unreasonable Delay

Defendants argue that even if consular non-reviewability does not foreclose relief, Plaintiffs' mandamus claims fail on the merits.  *Id.* at 17.  Plaintiffs insist that Defendants have not adjudicated Ms. Karimova's application "within a reasonable time" as required by the Administrative Procedure Act, 5 U.S.C. § 555(b), and that the Court must "compel [that] agency action [as] unlawfully withheld or unreasonably delayed, *id.* § 706(1).  Although a court may order an agency "to perform a [mandatory] act, [i.e.,] to take action upon a matter," a court may not decide "how [the agency] shall act." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).

To determine whether a plaintiff has sufficiently alleged that agency action has been "unreasonably delayed," courts apply the familiar "*TRAC*" factors laid out in *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 80 (D.C. Cir. 1984):

(1) the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

(4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

(5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

(6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*In re United Mine Workers of Am. Int'l Union*, 190 F.3d 545, 549 (D.C. Cir. 1999) (quoting *TRAC*, 750 F.2d at 80) (internal quotation marks omitted); *see also Skalka v. Kelly*, 246 F. Supp. 3d 147, 152 (D.D.C. 2017) (RJL) (applying *TRAC* factors to claim for mandamus relief).  Whether a delay is unreasonable "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful, but will depend in large part… upon the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency."  *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003).  Moreover, the D.C. Circuit has noted the "importance of competing priorities in assessing the reasonableness of an administrative delay."  *Id.* (internal citations and quotation marks omitted).  Critically here, the Court is bound by clear Circuit precedent that it may not grant relief where an "order putting [the petitioner] at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain."  *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir. 1991).

### 1.   *TRAC* Factors One & Two

The D.C. Circuit has explained that the first *TRAC* factor—the time agencies take to make decisions must be governed by a "rule of reason"—is the "most important," although it is generally reviewed with the second *TRAC* factor as well.  *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008).  The inquiry centers on "whether the agency's response time… is governed by an identifiable rationale."  *Ctr. for Sci. in the Pub. Interest v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014) (JEB).  Because Congress has provided no statutory timeframe indicating how quickly it requires the State Department to adjudicate and re-adjudicate visa applications, *TRAC* factor two is inapplicable.  "To the contrary, Congress has given the agencies wide discretion in the area of

immigration processing." *Skalka*, 246 F. Supp. at 153–54 (noting that a two-year delay in processing an immigration visa "does not typically require judicial intervention").

In general, courts in this jurisdiction have regularly found that the Government applies a "rule of reason" to the review of visa petitions by adjudicating applications in the order they were filed. *See, e.g., Muvvala v. Wolf*, No. 20-cv-02423, 2020 WL 5748104, at *3 (D.D.C. Sept. 25, 2020) (CJN) ("Other federal courts have held that this first-in, first-out method of adjudication constitutes a 'rule of reason' and satisfies the first TRAC factor."). Simply put, the inquiry begins and ends with Defendants' consistent application of the "first-in, first-out" methodology. Courts of this jurisdiction often look to the length of delay as a rough yardstick to determine whether that rule is, in fact, being applied.

Plaintiff Karimova already had her interview in January 2020 and her visa application was refused; her application now remains in administrative processing. *See* Pls.' Opp'n at 12; Pls.' Opp'n Ex. A. Plaintiffs speculate that that "it is a virtual certainty that Ms. Karimova's application was not processed according to the 'First In First Out' method," Pls.' Opp'n at 12, but their only support is the length of time period between January 2020 and today. Case law is clear that the reasonableness of this period "cannot be decided in the abstract, by reference to some number of months or years beyond which agency inaction is presumed to be unlawful." *Ghadami v. U.S. Dep't of Homeland Security*, Civ. A. No. 19-00397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) (ABJ) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003)). More specifically, delays of over three years have been found to not be unreasonable. *See, e.g.*, *Zaman v. U.S. Dep't of Homeland Sec.*, No. 19-3592 (ABJ), 2021 WL 5356284, at *6 (D.D.C. Nov. 16, 2021) (finding that a delay of forty-two months was "insufficient to warrant emergency relief in this district"); *Pourshakouri v. Pompeo*, No. 20-0402 (RJL), 2021

WL 3552199, at *8–9 (D.D.C. Aug. 11, 2021) (finding delay of forty-four months not unreasonable); *Varghese v. Blinken*, No. 21-2597 (CRC), 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding delay of "around four years" does "not warrant judicial intervention, standing alone"); *Arab v. Blinken*, No. 21-1852 (BAH), 2022 WL 1184551, at *8 (D.D.C. Apr. 21, 2022) (ruling that a thirty-month delay was not unreasonable); *see also Fangfang v. Cissna*, 434 F. Supp. 3d 43, 55 (S.D.N.Y. 2020); *Yavari v. Pompeo*, No. 2:19-cv-02524, 2019 WL 6720995, at *8 (C.D. Cal. Oct. 10, 2019) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable."). The Court also acknowledges the impact of the COVID-19 pandemic on this process as responsible for extending time periods of adjudication. *See Xiaobing v. Blinken*, 544 F. Supp. 3d 1, 11–12 (D.D.C. 2021) (TJK) (holding that effects of COVID-19 made delay in visa adjudication reasonable).

Therefore, the Court finds that the first and second *TRAC* factors do not lend credence to Plaintiff Karimova's claim, as she has had an interview and her application was refused just over three years ago, which included COVID-19-caused delays—within the time period that numerous other courts have found to be reasonable.

### 2.  *TRAC* Factors Three & Five

The third and fifth *TRAC* factors are often considered together and require the Court to consider Plaintiff's interests, health, and welfare. *Ghadami,* 2020 WL 1308376, at *9. Plaintiffs have not alleged any individualized health and welfare concern specific to Ms. Karimova but point to the "intensive fighting involving Azerbaijan, Armenia, and Armenia-supported separatists," explaining that she is "a national and resident of Azerbaijan." Pls.' Opp'n at 14. They also state that "as a woman in Azerbaijan, Ms. Karimova suffers from systemic discrimination." *Id.*

Although the Court is sympathetic to these concerns, it must also be mindful that "many others face similarly difficult circumstances as they await adjudication of their visa applications." *Mohammed v. Blinken*, Civ. A. No. 20-3696, 2021 WL 2866058, at *6 (D.D.C. July 8, 2021) (TNM).  An order compelling Defendants to process Plaintiff Karimova's visa application would merely move her application ahead of other visa petitioners in lieu of other visa applicants who may be facing similar, or even worse, circumstances.  Therefore, as above, the third and fifth *TRAC* factors do not indicate unreasonable delay.

### 3.  *TRAC* Factors Four and Six

Finally, the Court considers the fourth and sixth *TRAC* factors. The fourth factor notes "the effect of expediting delayed action on agency activities of a higher or competing priority."  *TRAC*, 750 F.2d at 80.  The sixth *TRAC* factor states that a "[c]ourt need not find any impropriety lurking behind agency lassitude in order to hold the agency action is unreasonably delayed."  *Ghadami*, 2020 WL 1308376, at *9.  Plaintiff concedes that both factors are neutral at best.  Pls.' Opp'n at 13.

The Court finds that the fourth *TRAC* factor weighs strongly against Plaintiffs.  Granting Ms. Karimova the relief she seeks would merely "reorder a queue of applicants seeking adjudication." *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (BAH).  The D.C. Circuit has emphasized the importance of considering "competing priorities" in assessing the "reasonableness of an administrative delay"–even "refus[ing] to grant relief when all the other factors considered in *TRAC* favored it, where a judicial order putting the petitioner at the head of the queue [would] simply move[ ] all others back one space and produce[ ] no net gain." *Mashpee Wampanoaag Tribal Council, Inc. v. Norton*, 336 F.3d at 1100 (quoting *In re Barr*, 930 F.2d 72, 75 (D.C. Cir. 1991)); *see also Ghadami*, 2020 WL 1308376, at *9 (finding that "expediting review

in [the plaintiff's] case would merely direct government resources from the adjudication of other waiver applications").  Any such order would plainly interfere with the agency's "unique – and authoritative – position to view its projects as a whole, estimate the prospects for each, and allocate its resources in the optimal way."  *In re Barr*, 930 F.2d at 76.  Courts in this jurisdiction routinely decline to grant relief that would place one prospective visa applicant ahead of others, *see, e.g.*, *Xiaobing Liu v. Blinken*, 544 F. Supp. 3d 1, 13 (D.D.C. 2021) (TJK) ("This factor not only favors Defendants, but ends up altogether dooming Plaintiffs' claims of unreasonable delay."); *Verma v. USCIS*, Civil Action No. 20-3419 (RDM), 2020 WL 7495286, at *9 (D.D.C. Dec. 18, 2020), and, based on similar circumstances, *this* Court has concluded that this *TRAC* factor weighs in favor of Defendants, *see, e.g.*, *Dehghanighanatghestani,* 2022 WL 4379061, at *7; *Pushkar v Blinken*, No. 21-2297, 2021 WL 4318116, at *7 (D.D.C. Sept. 23, 2021) (CKK); *Desai v. USCIS*, No. 20-cv-1005 (CKK), 2021 WL 1110737, at *7 (D.D.C. Mar. 22, 2021); *Manzoor*, No. 21-2126, 2022 WL 1316427, at *5–*6.  The Court will now do the same here.

As for *TRAC* factor six, Plaintiffs do not allege any bad faith on the part of the State Department, *see generally* Am. Compl., and they concede that it is a neutral factor, *see* Pls.' Opp'n at 20.

\*     \*     \*

While Plaintiffs are correct that the doctrine of consular reviewability does not bar judicial review of Ms. Karimova's claims, they have not demonstrated unreasonable delay of her visa application under the *TRAC* factors. Accordingly, the Court will grant Defendants' Motion to Dismiss as to Plaintiff Karimova.

**B.  A. Davila Rivero Family**

    **i.     Termination of Registration**

      Defendants argue that because the visa registration of the A. Davila Rivero Family was terminated and their immigrant petition automatically revoked, there is no "delay of any discrete agency action that Defendants were required to take" and therefore Plaintiffs' claim must fail as to the Family.  Defs.' Mot. at 19.  In response, Plaintiffs argue that they "were prevented from [applying for an immigrant visa] by the consulate," and "therefore there is no evidence to support the claim that their visa registration was properly terminated.  Pls.' Opp'n at 17.  As Defendants argue, Plaintiffs' Complaint alleges "that the consulate has unreasonably delayed the adjudication of their requests or visas – it is not a claim that the State Department improperly terminated their registrations," and therefore, "[b]ecause the State Department has terminated the registration – whether rightly or wrongly – there is no longer pending before it any request to adjudicate a visa."  Defs.' Reply at 6–7.  The Court holds that because the A. Davila Rivero Family's registration was in fact terminated, there is no further action for the agency to take and therefore their claim for unreasonable delay fails on the merits.

      As explained above, the A. Davila Rivero Family did not appear for their scheduled interview on November 6, 2019 "due to unforeseen personal circumstances," Pls.' Opp'n Ex. 3 at 9, and therefore did not apply for an immigrant visa, Defs.' Mot. at 9; Defs.' Reply at 7. Personal appearance at an interview before a consular officer is required as part of the process and to execute an immigrant visa application.  22 C.F.R. § 42.62.

      A consular officer provided the Family's counsel with instructions for scheduling a new interview.  This email warned that "if you do not reschedule your new interview within the period of one year from your first appointment, your case will be closed and your petition will be

cancelled." Pls.' Opp'n Ex. 3 at 7–8. Plaintiffs contend that the Family's counsel attempted to schedule a new appointment over the next few months but that no appointments were available. *Id.* at 4–6. Then in February 2020, the Embassy sent instructions to pick a tentative date for a new interview the following month, to which the Family's counsel responded with a date in March 2020. Pls.' Opp'n at 16; *see also* Pls.' Opp'n Ex. 3 at 3–4. The Embassy responded notifying them that visa appointments were cancelled, *id.* at 2, which was due to the COVID-19 pandemic, Defs.' Reply at 8. A few months later in July 2020, "[a] phased resumption of visa services started… on a post-by-post basis as local conditions and resources allowed." *Dastagir v. Blinken*, 557 F. Supp. 3d 160, 163 (D.D.C. 2021) (TNM) (cleaned up).

Plaintiffs state that they "never received any further communication from the consulate regarding this matter," Pls.' Opp'n at 16, although Defendants claim the Family was issued a notice in July 2021 that their petition risked termination under INA § 203(g), Defs.' Reply at 8. Regardless, there is no evidence that Plaintiffs took affirmative action after this point to schedule an interview.

On July 11, 2022—much longer than one year after the originally scheduled interview in November 2019—the consular section sent Plaintiff A. Davila Rivero Family a notice that their petition was terminated because they failed to apply for an immigrant visa for more than one year and had failed to show, in the year after, that failure to apply for an immigrant visa was for circumstances beyond their control. *See* Defs.' Mot. at 9. The Department of State's Consular Electronic Application Center Visa Status Check system for their case displays a message stating that "your registration for an immigrant visa was cancelled" and that the Family "failed" to "establish that [their] failure to pursue [their] immigrant visa application was due to circumstances beyond [their] control." Defs.' Reply at 6. Upon the facts provided, this is in adherence with the

law, as the Secretary of State is required to "terminate the registration of any [non-citizen] who fails to apply for an immigrant visa within one year following notification to the [non-citizen] of the availability of such visa." 8 U.S.C. § 1153(g); *see also* 8 C.F.R. § 42.83.

With no pending registration or application upon which an agency to act, there can be no unreasonable delay of action. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (holding that a mandamus claim can only be maintained when there is a delay of "a discrete agency action that it is required to take"). Therefore, the Court finds that as the Family's registration was terminated, there is no longer any pending request to adjudicate a visa and therefore there can be no claim of unreasonable delay in violation of the APA. The Court could dismiss Plaintiff A. Davila Rivero Family's claims on these grounds alone, but nonetheless continues to conduct further analysis.

### ii.    Unreasonable Delay

Plaintiffs argue that Defendants did not adjudicate the A. Davila Rivero Family's application "within a reasonable time" as required by the APA, 5 U.S.C. § 555(b), and that the Court must "compel [that] agency action [as] unlawfully withheld or unreasonably delayed." *Id*. § 706(1).

The Court incorporates its explanation of the *TRAC* factors stated above.

### 1.    *TRAC* Factors One & Two

Here, the Court finds that *TRAC* factors one and two weigh strongly in favor of Defendants. As explained above, the A. Davila Rivero Family did not appear for their scheduled interview in November 2019 nor did they schedule a new interview, leading to the termination of their registration and automatic revocation of their immigrant petition in July 2022. Defs.' Mot. at 9, 19. Plaintiffs argue that Defendants "prevented" them from applying for an immigrant visa but

present no discrete agency action that Defendants were required to take under these circumstances. *See generally* Pls.' Opp'n at 17.  Rather, as the Court found above, the A. Davila Romero Family is not experiencing any delay at all, as there is no action for the Embassy to take.

Plaintiffs also speculate that "there is virtual certainty that the Davila Romeros' applications were not processed according to the 'First In First Out' method," Pls.' Opp'n at 18, but their only support is the length of time period between November 2019 and today, during which time, again, it was Plaintiffs who failed to take necessary actions.  Additionally, as discussed in greater detail regarding Plaintiff Karimova, a delay of this length is not necessarily unreasonable. *See, e.g.*, *Pourshakouri v. Pompeo*, 2021 WL 3552199, at *8–9; *Varghese*, 2022 WL 3016741, at *5; *Yavari*, 2019 WL 6720995, at *8.  Therefore, the Court finds that *TRAC* factors one and two do not lend credence to Plaintiffs' claim.

### 2.  *TRAC* Factors Three & Five

Next, *TRAC* factors three and five also do not lend support to Plaintiffs' claims. Plaintiffs have not alleged any individualized health and welfare concern specific to the A. Davila Romero Family but point to the "incredibly bleak portrait of the state of human rights in Venezuela."  Pls.' Opp'n at 19; *see also* Defs.' Reply at 14.  Although the Court is sympathetic to their concerns about Venezuela, an order compelling Defendants to process Plaintiffs' visa applications would merely move their applications ahead of other visa petitioners to the front of the queue to the detriment of other visa applicants who may be facing similar (or even more dire) circumstances.  Therefore, *TRAC* factors three and five do not counsel a finding of unreasonable delay for the A. Davila Romero Family.

### 3. *TRAC* Factors Four and Six

Finally, the Court considers the fourth and sixth *TRAC* factors. Plaintiff concedes that both factors are neutral at best. Pls.' Opp'n at 13. However, the Court finds that Factor Four weighs strongly against Plaintiffs. Granting the A. Davila Romero Family the relief they seek would merely "reorder a queue of applicants seeking adjudication," *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021), as discussed in greater detail above. As for *TRAC* factor six, Plaintiffs do not allege any bad faith on the part of the State Department. *See generally* Am. Compl.

Accordingly, neither of these factors support Plaintiffs' claims of unreasonable delay.

\*     \*     \*

Altogether, the Court finds that the A. Davila Romero Family's registration was terminated and there is no agency action to be taken; therefore, their claim of unreasonable delay must fail. Even if the Court were to apply the *TRAC* factors, the Family's claim would still fail.

## IV.   CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendants' [27] Motion to Dismiss and DISMISS Plaintiff's [15] Amended Complaint in its entirety. The Court will DENY AS MOOT Defendants' Motion in so far as Defendants move for summary judgment and to sever Plaintiffs' claims.

An Order will accompany this Memorandum Opinion.

_____
/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge