**Michael E. Piston**
*Attorney at Law*
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email: michaelpiston4@gmail.com

Michael E. Piston*

*Admitted in the State of Michigan.
Practice in the State of New York
limited to the federal courts and
administrative agencies

June 7, 2024

Mark J. Langer, Clerk
District of Columbia Circuit Court of Appeals
E. Barrett Prettyman U.S. Courthouse and
William B. Bryant Annex
333 Constitution Ave. NW
Washington, DC  20001

> Re: *Quiros v. Amador*, No. 23-5178 (argument held May 6, 2024), Rule 28(j) Letter regarding *Afghan & Iraqi Allies v. Blinken*, D.C. Cir. No. 23-5025, decided June 7, 2024.

Greetings Mr. Langer,

This is to advise you, pursuant to FRAP 28(j), that on June 7, 2024, in *Afghan & Iraqi Allies v. Blinken*, D.C. Cir. No. 23-5025, this Court held that:

> Even when a statutory timeline is clearly precatory, like one establishing a "sense of Congress" for when the processing of visa applications "should" be completed, we have still treated the deadline as a "ruler against which the agency's progress must be measured." *Da Costa*, 80 F.4th at 344 (cleaned up).  Whether we call the nine-month statutory timeline a "rule" or a "ruler," the implication is the same:  It should play an important role in assessing the reasonableness of the government's pace of adjudication.

*Id.* at 14.

This bears directly upon the decision below in that the 180 day precatory, "sense of Congress" timeline set forth in 8 U.S.C. § 1571(b) played no role in the district court's assessment of the reasonableness of the government's pace of adjudication, even though the Gulshan Karimova had applied for a visa over three years before. Mem. at 12, JA 102.

Further, *Afghan and Iraqi Allies* characterized as "already unreasonable" the delays of apparently one and one half years which the plaintiffs there had experienced as of 2020, inasmuch as this Court mentioned that these delays had grown to three and one-half years when the district court declined to terminate the plan in question in 2022, *id*. at 15, thus refuting the court below's finding that "the first and second TRAC factors do not lend credence to Plaintiff Karimova's claim, as she has had an interview and her application was refused just over three years ago, …". Mem. at 12, JA 102.

Finally, *Afghan and Iraqi Allies* did not find concerns about "line-jumping" to favor the government where the "2020 plan established guidelines for disposing of all applications pending the longest". *Id*. at 18. Neither should've the court below, given that Gulshan Karimova pled that "numerous immigrant visa applications filed with these consular officers or their predecessors after those of the plaintiffs, have already been adjudicated." Compl. ¶16, JA 19.

Respectfully

/s/ *Michael E. Piston*
Attorney for the Appellant

xc. Erin Ryan, Assistant U.S. Attorney, erin.t.ryan@usdoj.gov (by CM/ECF).